KELLEY v. KELLER.

1. NEGLIGENCE — DEATH — CONTRIBUTORY NEGLIGENCE—EVIDENCE— QUESTION FOR JURY.

In an action for the negligent killing of plaintiff's decedent, a boy 14 years of age who, while riding a bicycle, was struck by defendants' truck at a street intersection and instantly killed, where the testimony was conflicting as to the failure of deceased to observe the truck, it cannot be said, as a matter of law, that he was guilty of such contributory negligence as to bar recovery.

2. SAME—CONTRIBUTORY NEGLIGENCE—GROSS NEGLIGENCE.

The contributory negligence of the plaintiff does not prevent recovery in a case where the defendant, who knows or ought, by the exercise of the most ordinary care, to know,

On the question of reciprocal duty of driver of automobile and child riding bicycle in street, see note in L. R. A. 1918A, 255.

of the precedent negligence of the plaintiff, by his subsequent negligence does plaintiff an injury.

3. SAME—GROSS NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Testimony *held*, sufficient from which the jury might infer that the driver of the truck did not use ordinary care to discover the peril of deceased nor to avoid the collision after he became aware of it.

4. SAME—PLEADING—VARIANCE.

Allegations in the declaration that it was the duty of the driver of the truck to be alert and careful, and at street intersections to have his vehicle under control and operated at such speed as is reasonable and proper, having regard to the traffic then upon such street and the safety of the public, and to keep a lookout for plaintiff's decedent and to see that deceased was in a place of peril, and to discover him in time to avert his injury by proper and careful action on the part of said driver, followed by an allegation of omission of this duty, *held*, sufficient to admit proof of the driver's failure to discover the presence and peril of deceased. BROOKE J., dissenting.

5. SAME—GROSS NEGLIGENCE—PRECEDENT NEGLIGENCE—REQUESTS TO CHARGE.

Defendants' requested instruction that, upon the question of gross or after-discovered negligence, it is immaterial whether or not defendant driver was negligent in driving and using an automobile which was not adequately equipped with brakes, since such negligence would be antecedent and not after-discovered negligence, *held*, proper, and that it should have been given by the trial judge.

6. SAME—APPEAL AND ERROR—FAILURE TO CHARGE—TRIAL.

Failure of the trial judge to give said requested instruction, *held*, not reversible error in view of the fact that the question of gross negligence was fully explained to the jury.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 23, 1920. (Docket No. 64.) Decided September 30, 1920.

Case by George A. Kelley, administrator of the estate of George Kirby Kelley, deceased, against Louis F. Keller and another for the negligent killing of plain-

tiff's decedent. Judgment for plaintiff. Defendants bring error. Affirmed.

*Jackson, Fitzgerald & Dalm* and *Mason & Sharpe,* for appellants.

*Harry C. Howard,* for appellee.

BIRD, J. Plaintiff recovered judgment, under the death act, against defendants for the negligent killing of his intestate. The accident occurred on Main street in the city of Kalamazoo. Main street extends in an easterly and westerly direction. Portage street leaves the south side of Main street at a slight angle, and extends in a southeasterly direction. On the day of the accident plaintiff's intestate, a boy aged 14 years and 8 months, was returning from school riding his bicycle on the south side of Main street, approaching the intersection from the west. At the same moment defendant Argylian was driving defendant Keller's auto truck on the north side of Main street and approaching the intersection from the east. Argylian obtained from the traffic officer the signal to go around into Portage street. When he reached the middle of the street both he and the boy were about the same distance from the entrance into Portage street. Argylian saw the boy, but the boy evidently did not see the truck. Some effort was made by Argylian to avoid a collision but without avail, and they collided near the entrance into Portage street, with the result that the boy was forced against an iron lighting pole with such force that he was instantly killed.

Negligence of defendants. The allegations of negligence against both defendants are numerous. Complaint is made against the owner because he permitted the truck to be operated on the streets with brakes, steering apparatus and horn out of repair. The principal charges against the driver are that he was not a

registered chauffeur, that he failed to give the signals required by the statute, and that he operated the truck in violation of the statutes and ordinances. We are not called upon to discuss the question as to whether these allegations are sustained by the proofs, as it is practically conceded by the defendants that the question of their negligence was one for the jury.

Contributory negligence of the boy. This is the principal question discussed in the briefs. It is contended that the court should have directed a verdict for defendants on this ground. Considerable testimony was taken bearing on the question of his negligence. All of the eyewitnesses agree that the boy was riding his wheel close to the curb on the south side of Main street, and all agree that he gave no indication that he was aware of the approaching truck. Some of the witnesses say he was looking over his shoulder back of him. Others say he was looking over his shoulder to the south. Some of the plaintiff's witnesses say he was looking straight ahead, and one witness said he appeared to be looking down Portage street, as though he were about to enter it. He was described as leisurely coasting on his bicycle, about four miles an hour, watching a candy store at his right, and whistling as he passed along.

The testimony appears to make it reasonably certain that the boy did not see the truck or he would have manifested some concern over its approach and made some effort to avoid it. If he were intending to go to his home by way of Portage street, as he sometimes did, he may have been concerned with the traffic on the south side of Main street which might obstruct his passage into Portage street. It is suggested that he may have seen the truck earlier and supposed it had passed on west in view of the wide circle it made to the west in going around the station of the traffic officer. It is also quite probable that the boy relied to

some degree upon the fact that vehicles rarely ever traveled as close to the curb as he was then going unless they intended to park. The testimony as to the failure of the boy to observe the truck was very much in conflict, and there are so many plausible theories for his failure to observe it that we do not think we should say, as a matter of law, that he was guilty of such negligence as would bar a recovery.

Gross negligence of defendants. Counsel contend that the court was in error in submitting the case upon the theory of gross negligence. They argue that there was no room in the facts for a finding of gross negligence. If the facts in the case were open to a finding of gross negligence it must be because of what Argylian did, or neglected to do, after he discovered, or by the exercise of ordinary care ought to have discovered, the peril the boy was in. In discussing this subject it was said in *Labarge* v. *Railroad Co.*, 134 Mich. 139, that:

"It may be conceded that, where one wilfully injures another, the doctrine of contributory negligence is not involved, because the injury is not negligent, but intentional. Again, where one is seen in danger, though placed there through his own negligence, one who, thus seeing him, omits ordinary care to avert an injury to him, is not alone negligent, but is wanton, and, as wantonness of this kind is akin to wilfulness, there is an opportunity for applying the same rule, and defendants have been held liable under such circumstances."

The case of *Montgomery* v. *Railway Co.*, 103 Mich. 46 (29 L. R. A. 287), is a good example of the application of this doctrine. This court has held on more than one occasion that the contributory negligence of the plaintiff does not prevent recovery in a case where the defendant, who knows, or ought, by the exercise of the most ordinary care, to know of the *precedent* negligence of the plaintiff, by his *subsequent* negli-

gence does plaintiff an injury. *Richter* v. *Harper*, 95 Mich. 225; *Labarge* v. *Railroad Co.*, 134 Mich. 139; *Calvert* v. *Railway*, 202 Mich. 311.

The driver's own testimony indicates that when he was ten feet distant from the intersection he realized decedent's danger and that a collision was likely to occur. It was, therefore, his duty to use ordinary care to avoid the collision. A very easy and simple way of doing so would have been to attract the boy's attention by sounding his horn, but he did not do this. He says he attracted the attention of the traffic officer with it. If the horn were working well enough to attract his attention, no reason appears why it would not have attracted the attention of the boy had it been sounded. Again, the driver testified that he could stop the truck in five feet at the rate he was traveling. If this were true, it becomes a serious question as to whether he ought not to have stopped before he reached the boy. One witness gave it as his judgment that if the driver had kept on the circle which he was making instead of turning to the right just before he reached the curb, he would have avoided the boy. We think there was ample testimony from which the jury could infer that the driver did not use ordinary care to discover the peril of the boy nor to avoid the collision after he became aware of it.

A further reason urged by counsel why the submission of gross negligence was error is that it was not charged in the declaration. An examination of the declaration discloses that one of the duties alleged is:

"That it became and was the duty of defendant, Argylian, in the operation of said motor vehicle, to at all times be alert and careful, and at street intersections to have his motor vehicle under control and operated at such speed as is reasonable and proper, having regard to the traffic then upon such street and the safety of the public, and to have kept a lookout for the plaintiff's intestate, George Kirby Kelley, and to see

that he, the said George Kirby Kelley, was in a place of peril, and to discover him in time to avert his injury by proper and careful action on the part of said Julius R. Argylian."

Following this allegation was an allegation of omission on the part of Argylian to observe the duty. These allegations were sufficient to admit proof of Argylian's failure to discover the presence and peril of the boy.

Requests to charge. Defendants requested the court to instruct the jury that:

"Upon the question of gross or after-discovered negligence, it is immaterial whether or not defendant was negligent in driving and using an automobile which was not adequately equipped with brakes, for the reason that such negligence would be antecedent negligence on the part of the defendant, and not after-discovered negligence."

We think the request was a proper one. The driving of the truck upon a public highway with defective brakes, if such were the case, was clearly antecedent negligence on the part of the defendant, and could not be used as a basis for subsequent negligence, as is clearly pointed out by the case of *Fike* v. *Railroad Co.,* 174 Mich. 167.

The court, however, did charge upon the question of gross negligence with considerable detail. Among other things in this connection the jury were instructed as follows:

"In other words, gentlemen, if you find the plaintiff was guilty of contributory negligence as I have heretofore defined it to you,—that is, find that plaintiff's decedent was guilty of contributory negligence as I have heretofore defined it to you, then—he cannot recover in this case unless the defendant, Argylian, failed to do something which he could have done to avoid the collision after he discovered the position of peril of plaintiff's decedent, or by the exercise of due care and caution on his part might or should have dis-

covered such condition of peril on the part of the plaintiff's decedent."

While we are of the opinion that the request was a proper one, we are also of the opinion that the question of gross negligence was so fully explained to the jury that we ought not to reverse the case because this instruction was not given.

The remaining questions raised by appellants have been considered by us, but we find nothing in them which requires a reversal of the case.

The judgment will be affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, and CLARK, JJ., concurred with BIRD, J.

BROOKE, J. In my opinion the declaration does not charge gross negligence and as recovery was had upon that theory the judgment should be reversed.

SHARPE, J., did not sit.