## Manwaring v. Geisler.

(Decided October 17, 1922.)

### Appeal from Campbell Circuit Court.

1. Negligence—Specific Acts of Negligence—Amendments—General Allegation.—If a plaintiff in a personal injury action specifies the particular acts of negligence upon which he relies for a recovery, and in an amendment sets up a general allegation of negligence, the specific acts of negligence supersede the general allegation

of negligence and the plaintiff will be confined to the specific acts: of negligence alleged just as if the allegation of general negligence: was not in his pleading.

2. Negligence—Specific Acts of Negligence—Instructions.—Where there are specific acts of negligence alleged, but none of them embraces such averments as will authorize an instruction on the "last clear chance," such an instruction is not authorized under the general averment of negligence.

3. Officers—Vehicles of Fire and Police Department—Right of Way. —Where the accident is the result of a collision by a motorcycle policeman driving along the street in a city in answer to a fire alarm, which it was his duty to do, and there is an ordinance of the city providing that vehicles of the fire department and police department when responding to alarms of fire and police calls shall have the right of way over other vehicles on the streets, the court upon objection should have directed the jury not to consider certain statements of plaintiff's counsel in the concluding argument that plaintiff had as much right on the street as defendant had, and that defendant did not have the right of way, and was a violator of the law.

HOWARD M. BENTON for appellant.

HORACE W. ROOT and B. F. GRAZIANA for appellee.

OPINION OF THE COURT BY TURNER, Commissioner—Reversing.

This is the second appeal in this case (Manwaring v. Geisler, 191 Ky. 532).

In the former opinion the court pointed out that the petition charged specific acts of negligence, enumerating them, and held that no one of them was sustained by the evidence, and no one of them stated facts constituting such negligence as authorized an instruction on the "last clear chance" theory. The court also held that if the pleadings had authorized it such an instruction on the last clear chance doctrine would have been justified by the evidence, and reversed the judgment because the state of the pleadings did not justify the giving of that instruction, but directed that the plaintiff be permitted to amend his petition upon the return of the case "and set forth the negligence indicated herein, or in general terms." That is, the court gave plaintiff the right to amend his petition either by setting up as specific negligence such facts as would authorize the "last clear chance" instruction, in addition to the other specific acts of negligence theretofore alleged or to set up in general terms that the accident had been caused by the

negligence of the defendant, and indicated that in either event the instruction on the last clear chance would be authorized

Upon the return of the case the plaintiff filed an amended petition, but in that amendment he failed to allege any specific act of negligence which would authorize a recovery under a last clear chance instruction; but he contents himself with an allegation of general negligence without withdrawing or attempting to withdraw any of the allegations of specific negligence charged in his original petition.

The result of this situation is that the last trial was had under pleadings charging four specific acts of negligence none of which included such allegations as would authorize the instruction in question, and a general plea of negligence.   As indicated in the former opinion, if there was only a general plea of negligence and the evidence authorized it, the instruction on the last clear chance was authorized; but here we have a plea of general negligence and a plea of four specific acts of negligence, and none of the latter embracing the last clear chance.

The court points out clearly in the former opinion that if a plaintiff in his petition specifies the particular acts of negligence upon which he relies he will be confined in the introduction of his evidence to such specific acts; and it is further pointed out that if there is a general allegation of negligence and also specific acts of negligence, he will be confined in the introduction of his evidence to the evidence of the specific acts of which he complains, and will not be allowed to enlarge upon his general averment of negligence.

The state of the pleadings on the last trial were therefore in no essential way different from what they were on the first.   On the first trial, there being specific acts of negligence alleged and none of such acts being sustained by the evidence, the plaintiff failed, while on the last trial the averments of the specific acts of negligence remained, but were supplemented by an allegation of general negligence.   Under the long recognized rule in this court, so clearly pointed out in the former opinion and in the case of W. A. Gaines & Co. v. Johnson, 32 K. L. R. 58, referred to therein, in this state of the pleadings the specific acts of negligence relied upon supersede the general allegation of negligence, and the

plaintiff is confined to the specific acts of negligence alleged just as if the allegation of general negligence was not in his pleading.

Under the state of the pleadings we are constrained to hold, not only because it is the law of this case, as pointed out in the former opinion, but in recognition of the long established rule of pleading in this state, the instruction on the last clear chance was not authorized.

Again we say, the plaintiff may, upon return of this case, amend his pleadings and rely upon such facts in addition to the specific acts of negligence heretofore alleged as will authorize the giving of such an instruction; or, he may in such amendment withdraw all the former allegations of specific negligence and rely upon a plea of general negligence, and in either event he will be entitled to the instruction as indicated in the former opinion.

As recited in that opinion, appellant was a motorcycle policeman in the city of Newport and was required also to perform certain duties in the fire department in addition to his duties as a police officer. At the time of the accident involved he was driving his motorcycle along the street in answer to a fire alarm, which it appears it was his duty to do.

There is in evidence an ordinance of the city of Newport providing that vehicles of the fire department and police department, when responding to alarms of fire and police calls, shall have the right of way over other vehicles or street cars on all the streets. There is an uncontroverted affidavit filed with the motion for a new trial which shows that notwithstanding the provisions of this city ordinance, plaintiff's counsel in the concluding argument in the court below dogmatically asserted that the plaintiff had as much right on the street at that time as appellant had; that appellant did not have the right of way and had no rights superior to that of plaintiff; that in driving his motorcycle at a high rate of speed appellant was a violator of the law, and some other equivalent assertions. The lower court overruled the objection of defendant's counsel to such unauthorized statements, and afterwards counsel reiterated and emphasized all of these statements and alleged arguments to the jury.

As the judgment must be reversed for the reason heretofore given, we are not called upon to say whether this plain misconduct of counsel would be reversible error; but, manifestly, it was the duty of the court to

have reprimanded counsel for the use of such unauthorized statements and directed the jury not to consider them, and to have confined him to a legitimate argument of the issues involved.

Because of the error indicated, the judgment is reversed with directions to grant appellant a new trial.