### Kentucky Traction & Terminal Company v. William Wilburn, Administrator, etc.

(Decided January 9, 1925.)

### Appeal from Franklin Circuit Court.

1. Street Railroads—Lookout Held Question for Jury.—Evidence on question whether motorman was keeping a lookout at and before time his car struck child held to make defendant's negligence question for jury.

2. Death—Contributory Negligence of Parents in Permitting Child to Play on Street Car Tracks Held for Jury.—Where the evidence was conflicting as to whether parents had permitted three year old child to play in street on which were street car tracks, question of parents' contributory negligence was one for the jury.

3. Street Railroads—Physician's Testimony Held Admissible to Rebut Contention of Defendant as to How Injury Occurred.—In action for death of infant struck by street car, testimony of doctor that child's hip had been cut off as well as a leg, and that bowels protruded, held admissible to show that, contrary to defendant's contention, front wheels of car passed over child.

4. Appeal and Error—Reception of Improper Opinion Evidence Held Not Prejudicial.—Admission of testimony that it was not possible for child to get through certain bars on street car, and thus get under the wheels, held not prejudicial error, where witness stated facts on which he based opinion, and jury saw car and could not have been misled.

5. Appeal and Error—Instruction on Motorman's Duty to have Car Under Reasonable Control Not Erroneous in View of Presumption, Though no Issue as to that Question.—Instruction defining motorman's duty to have street car under reasonable control held not erroneous, though it was conceded that car was under control; the jury being presumed to be men of common sense and to understand that there was no issue concerning reasonable control.

6. Street Railroads—Instruction as to Motorman's Failure to Keep Lookout for Child Killed Held Not Erroneous.—Instruction submitting the proposition whether child was on track, or in act of going on track far enough from street car that motorman in exercise of ordinary care saw, or by exercise of ordinary care could have seen, him, and failed to do so, held not erroneous as not requiring the motorman's failure to keep a proper lookout to be a negligent failure.

7. Negligence—Last Clear Chance Doctrine May be Shown under General Allegation.—Though negligence is pleaded only in general terms, plaintiff has a right to present the last clear chance doctrine under such general allegation.

ELWOOD HAMILTON and WALLACE MUIR for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action brought by appellee as the administrator of the estate of his child, Oscar Norman Wilburn, deceased, against the appellant, for the negligent killing of his decedent, he recovered a judgment for $4,500.00, to reverse which this appeal is prosecuted. For reversal appellant insists that the lower court erred, first, in overruling its motion for a directed verdict; secondly, in the admission of evidence, and, thirdly, in instructing the jury.

Oscar Wilburn, at the time he was killed, was about three years old. He lived with his parents on the west side of Murray street between Third and Fourth streets in the city of Frankfort. On the morning of the accident, he had gotten out into the street in front of his home, where some children were playing. He ran from the west side of the street to the east side, where there was a rock pile. Murray street at this point was and is very narrow, and the distance between the rock pile and the car track of appellant was a scant ten feet. Pausing momentarily to pick up some rocks, the little child started

back straight across to the west side of the street. At this time, a street car of the appellant was going north on Murray street, between Third and Fourth, at the rate of some four or five miles an hour, as agreed to by all witnesses on both sides. Before the child got across the track, he and the car collided and he was so hurt that he died within an hour. The appellee proved by one witness that at the time the child started across the street, this car was some fifty feet away from the rock pile and by another witness that it was some twenty or thirty feet away. It is admitted by both sides that there was absolutely nothing in the street to obscure the motorman's view or to prevent him from seeing that the child was approaching the track with the intention of crossing it in front of the car if he was so doing, and that under the conditions present at the time of the accident, the car could have been stopped in a maximum distance of five feet. The appellee further proved by another witness that when the car was about fifty feet away from the rock pile, the motorman instead of keeping a lookout ahead was looking over to the house in which this witness was. The motorman denied that he was looking to the side of the street and claimed that he was keeping a lookout ahead all the time he was coming down Murray street; that he never saw the child and did not know that he had run over him until he felt a bump of the wheels of the car, and that the child must have run into the side of the car as the front part of the car never struck him. On the other hand, appellee introduced proof to show that the child was hit by the front corner of the car and that the car was so constructed as to make it impossible for the child to get under the wheels by running into the side of the car. The jury was also permitted to inspect the car itself.

From this statement of the evidence, it is obvious that appellant was not entitled to a directed verdict. If appellant's version of the accident be true, of course there was no liability on the part of the appellant, but if the version of the appellee be the correct one, then the motorman was not keeping a lookout ahead when the child started back across the street and when it was apparent that he was going to try to cross the track in front of the car, at which time under the admitted facts in this case, had the motorman been keeping the lookout, he could easily have stopped his car and so avoided the accident.

It was for the jury to say which version was the correct one.

Nor was appellant entitled to a directed verdict on the ground that the proof showed that appellee and his wife had permitted their child, Oscar, on numerous occasions prior to and on the day of the accident to play in the street unattended, thereby being guilty of such negligence as to preclude recovery on their part, under the rule of Toner's Admr. v. South Covington & C. St. Ry. Co., 109 Ky. 41; 58 S. W. 439, and like cases. The trouble with appellant's contention in this regard is that there was proof to the contrary. Hence it was for the jury to say whether or not appellee was guilty of such conduct.

It is next complained that the court erred in admitting incompetent evidence. The first complaint on this score is that the doctor who waited on the child at the time of the accident was permitted to testify that the child's hip had been cut off as well as his leg, and that the bowels protruded. Appellant insists that this testimony was not admissible, and cites L. & N. R. R. Co. v. Scott's Admr., 184 Ky. 319, 211 S. W. 747, as its authority for this contention. However, it was stated to the jury that the purpose of this testimony was not to show the pain and suffering of the child, the thing condemned by the Scott case *supra,* but to prove the parts of the body on which the child received its injuries. This was done because appellant claimed that the child did not fall under the front part of the car but ran into the side of the car, and as it was admitted that the back wheels had not passed over the child, appellee introduced this evidence to show that the front wheels had passed over him and to substantiate his claim that it was the front part of the car and not its side part which had struck the child. We believe the evidence was competent for this purpose. It is next objected that the appellee was asked whether or not it was possible for a child running into the side of the car to go through some bars which ran from the front truck to the back truck of the car, and the father was permitted to answer that there was no chance because the lowest bar was only four inches from the ground and the other bar was six inches above that. We do not believe there was any prejudicial error in the admission of this testimony. The father clearly stated the facts on which he based his opinion to the jury, which later saw the car itself, and hence the jury could not have been misled by

any unwarranted opinion evidence on so simple a proposition. The other objections to the admission of evidence are so clearly without merit that we need not discuss them.

Lastly, it is urged that the court erred in giving instruction No. 1. Complaint is made of this instruction because in defining the duties of the motorman at the time and on the occasion in question, the court told the jury that it was the duty of the motorman to have his car under reasonable control. It is argued that by so doing the court intimated that this was a matter in dispute. However, all witnesses, both those of appellant and of appellee, testified that this car was under reasonable control. The jury is presumed to be composed of men of common sense and so to know that there was no issue in this case concerning reasonable control. This was the duty of the motorman, but the evidence showed without cavil that he had fulfilled that duty. This criticism of the instruction cannot stand. The next complaint of this instruction is that it warranted the finding for appellee if the jury believed the motorman failed in his duty to look out or of having his car under reasonable control without requiring such failure to be a negligent failure. Counsel is in error on this point. The instruction did not submit to the jury any question of a failure to have the car under reasonable control. As to the failure of keeping a lookout, the court submitted to the jury the proposition whether or not the child was on the track or in the act of going on the track far enough ahead of the car that the motorman ''in the exercise of ordinary care saw or by the exercise of ordinary care could have seen him'' and failed to do it. Clearly this required the jury to believe that the failure to be actionable must have resulted from a failure to exercise ordinary care to keep the lookout. The last complaint of this instruction is that it submitted to the jury the ''last clear chance doctrine,'' and this was error, because negligence was pleaded only in general terms. That a plaintiff has a right to present ''the last clear chance'' doctrine under a general allegation of negligence is settled. L. & N. R. R. Co. v. Benke's Admr., 176 Ky. 259, 195 S. W. 417.

No error appearing prejudicial to the substantial rights of appellant, the judgment of the lower court is affirmed.