### Braden's Administratrix v. Liston.

(Decided Dec. 7, 1934.)

(As Modified on Denial of Rehearing March 8, 1935.)

J. H. HOLLADAY for appellant.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

About 8:20 a. m. February 24, 1933, Dennis Braden, aged 82, was struck by a light Ford truck belonging to J. J. Liston. Braden died therefrom three hours later. His administratrix sued to recover for his death, the jury found for Liston, and she appeals.

This occurred on the Eighteenth Street road a short distance from the southern boundary of the city of Louisville. Liston's truck was being driven north on this highway, and Braden was crossing it from west to east when he was struck. The roadway is 22 feet wide; the speed of the truck, from an average of the estimates of the witnesses, was about 30 miles per hour, which is about 44 feet per second. The driver of the truck saw Braden and blew his horn. Braden stopped near the midde of the roadway, and the driver of the truck came ahead. Braden hesitated for a moment, then, when the truck was less than 30 feet away, started hurriedly across the highway, and was struck by the truck, and killed.

The overwhelming weight of the evidence is that Braden ran into the side of the truck, and the scars upon the rear view mirror and the left rear fender indicate it happened that way but plaintiff had one witness who testified Braden was struck by the front of the truck but he admits the truck did not run over Mr. Braden.

## The Pleadings.

Plaintiff in her original petition charged Braden was killed by the negligent operation of this truck. Liston denied his truck was negligently operated, and pleaded contributory negligence, which the administratrix denied. Nowhere in the pleading was there any charge of defective appliances. The defendant demurred to this petition, and its demurrer was overruled. The better plan to follow in dealing with such a petition is the course that was followed and approved in Ohio Valley Coal & Mining Co. v. Heine, 159 Ky. 586, 167 S. W. 873.

Later plaintiff amended her petition and alleged that the driver discovered the peril, or by the exercise of ordinary care could have discovered the peril, of the deceased, Dennis Braden, in time to have stopped the truck or to have prevented the accident. That amendment admits Braden had put himself in a place of peril. It specifies the negligence of the defendant to consist in failing to stop or change the course of the truck after Braden's peril was seen, or in the exercise of ordinary care should have been seen. If Braden ran into the side of this truck, then the presence of the truck was but a condition and not a cause of his death and there is no room for the application of the last clear chance doctrine. See Knecht v. Buckshorn, 233 Ky. 329, 25 S. W. (2d) 727.

The effect of the above amendment was to confine plaintiff's right of recovery to some omission of duty by the defendant in such a situation. Having specified the negligence, the plaintiff is confined to the negligence specified. Louisville & N. R. Co. v. Kirby, 173 Ky. 399, 191 S. W. 113; Pullman Co. v. Pulliam, 187 Ky. 213, 218 S. W. 1005; Belcher v. Sandy Valley & E. Ry. Co., 207 Ky. 560, 269 S. W. 729; Louisville & N. R. Co. v. Morgan's Adm'r, 225 Ky. 447, 9 S. W. (2d) 212; Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942.

There was no necessity for the plaintiff to have amended her petition, as she had the right to present the last clear chance doctrine under her general allegation. Kentucky Traction & Terminal Co. v. Wilburn, 206 Ky. 510, 267 S. W. 1090. But she did amend, and having done so she is bound by her amendment and her evidence must be confined to the negligence specified in it. Manwaring v. Geisler, 191 Ky. 532, 230 S. W. 918, 18 A. L. R. 192, and Id., 196 Ky. 110, 244 S. W. 292; American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115; and Stacy v. Williams, 253 Ky. 353, 69 S. W. (2d) 697.

### The Brakes on the Truck.

On the trial plaintiff sought to prove the brakes on this truck were defective, and the court properly refused to permit her to do so.

By section 2739g-26, Ky. St., the operation of an automobile with brakes that are defective or out of

order is made unlawful, and by section 466, Ky. St., any one injured by the violation of a statute may recover therefor.

Plaintiff had pitched her right to recover upon the alleged failure of the driver of the truck to use ordinary care to avoid injuring Braden after his peril was or should have been discovered. It was the duty of the driver to avert this accident if he could do so by the use of the means at his command. This brings us to a question upon which we find this in 45 C. J. p. 993, sec. 544:

> "The courts are not in agreement on the question whether recovery may be had where defendant, although' not committing any negligent act subsequent to plaintiff's negligence, was unable, by reason of his own previous negligence, to exercise such care as would have avoided the result of plaintiff's negligence. Recovery is permitted in some jurisdictions, while in others recovery is denied where the preexisting cause is not susceptible of being removed after the discovery of the danger and before the injury is done."

This court is not there listed as subscribing to either view, but we feel this court has taken a position and that antecedent negligence is not to be considered, for in Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278, we condemned a last clear chance instruction that did not contain the words "if he can do so in the exercise of ordinary care with the means at his command." This court prepared an instruction on the last clear chance in Chesapeake & O. Ry. Co. v. Montjoy's Adm'r, 148 Ky. 279, 146 S. W. 371, 374, in which appear the words "in the exercise of all reasonable means at his command." This court in reversing the judgment in Louisville & N. R. Co. v. Harrod's Adm'r, 155 Ky. 155, 159 S. W. 685, 47 L. R. A. (N. S.) 918, directed an instruction to be given containing the words "in the exercise of ordinary care, with the means at his command." In Finnegan's Adm'x v. Floyd G. & A. Livery Co., 214 Ky. 416, 283 S. W. 402, 405 (an automobile case), we said it was the duty of the driver "to use all means at his hands." By the use of further time, the number of such cases could be multiplied several times, but these are enough to show that when the plaintiff's recovery is rested upon "discovered peril,"

the "humanitarian doctrine," or "last clear chance," the defendant's liability must be found in what he did or did not do, and not in what he had or did not have. The continued recurrence with approval of such expressions as "means at his command," "means at hand," etc., in our opinions leads inevitably to the conclusion that in this commonwealth the defendant's liability when the last clear chance rule comes into operation must be found in some failure of the defendant to exercise ordinary care to make proper use of what he had at hand. Missouri takes the same position, and in Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S. W. (2d) 673, 675, the Supreme Court of that state said:

> "When the humanitarian rule begins to operate, all prior and antecedent negligence of either party goes out of the case, and the sole question left is the ability of the defendant to prevent the injury under the then conditions."

To same effect, see Larey v. M.-K.-T. R. Co., 333 Mo. 949, 64 S. W. (2d) 681; Wolfson v. Cohen, (Mo. Sup.) 55 S. W. (2d) 677; and Niederhelm v. M.-K.-T. R. Co. (Mo. App.) 68 S. W. (2d) 895.

In Atchison, T. & S. F. R. Co. v. Taylor (C. C. A.) 196 F. 878, these were the facts: Taylor was riding without right in a box car loaded with household goods; he had the door open and was standing in a dangerous position with his head out the door. There was evidence the conductor saw him there. In making a flying switch a moment later this car was sent with great violence against a car standing on the siding, which caused the door to slide to with great force and kill Taylor. The violent impact of these cars was caused by the breaking of a defective bolt that held the brake chain when the brakeman attempted to apply the brakes and control the movement of the car. For the admission of evidence regarding this defective bolt and the submission of that negligence to the jury in connection with the last clear chance instruction, the judgment was reversed. That case cannot be distinguished from this one. Each is a case of discovered peril and inability to stop because of defective brakes.

Another case indistinguishable from this one is Illinois Cent. R. Co. v. Nelson (C. C. A.) 173 F. 915,

917. There, as here, the administrator of the man killed had by pleading invoked the last clear chance rule. There was some evidence the failure of the train to stop before killing Miller was due to a defective condition of the air brakes on the cars. In reversing the judgment the court said:

"A defect in mechanical appliances, existing before and continuing until after the injury, not susceptible of being rectified after the discovery of the danger carelessly incurred and before the injury is done, is not supervening negligence within the rule invoked."

To same effect, see Wheelock v. Clay (C. C. A.) 13 F. (2d) 972, 973.

This is copied from the opinion in the case of Kelley's Adm'r v. Keller, 211 Mich. 404, 179 N. W. 237, 239:

"Defendants requested the court to instruct the jury that:

" 'Upon the question of gross or after-discovered negligence, it is immaterial whether or not defendant was negligent in driving and using an automobile which was not adequately equipped with brakes, for the reason that such negligence would be antecedent negligence on the part of the defendant, and not after-discovered negligence.'

"We think the request was a proper one. The driving of the truck upon a public highway with defective brakes, if such were the case, was clearly antecedent negligence on the part of the defendant, and could not be used as a basis for subsequent negligence, as is clearly pointed out by the case of Fike v. Railway, 174 Mich. 167, 140 N. W. 592."

We now turn to the Fike Case and have copied this from the instructions found in that opinion:

"I charge you as matter of law that, in order for you to find the defendant guilty of gross or subsequent negligence in this case, you must find that the defendant's engineer knew or should have known of the position of peril, if any, in which the plaintiff and her husband were, and thereafter failed to exercise ordinary care to avoid the accident. The defendant's engineer was not required

in this case to check the speed of his train or to take means to stop it until he was chargeable with clear notice that the horses and the plaintiff and her husband were in a position of peril and could not get out of the way and avoid an accident before the engine reached them. Under the undisputed evidence in this case, the defendant cannot be held liable for any gross or subsequent negligence on account of the use by it of an engine with a defective brake. That means that simply the use of that brake at the time, if it was defective, does not charge the defendant with being guilty of subsequent negligence; but the question was whether or not, with the brake in the condition that it then was, the defendant's engineer could have stopped the train and avoided the accident.''

If Braden had stood where he was when he stopped and the truck had struck him there because it was going too fast or had not proper brakes, his administrator might have relied on that negligence; but his death was contributed to by his own negligence in rushing into the pathway of the truck, thus bringing about a new situation in which the law, shutting its eyes to previous negligence, says to the truck owner that he must still avoid striking Braden if he can by the exercise of ordinary care and with the proper use of the means at hand. Having reached the conclusion we have, it follows the court did not err when it refused to admit the proffered evidence regarding the condition of the brakes on the truck.

### Where the Accident Occurred.

The proof shows this accident happened about one city block south of the corporate limits of Louisville, and the plaintiff sought, but was not permitted, to show the neighborhood was thickly settled and built up like a town. The purpose of this was to make applicable, if possible, the provisions of subsection 2 of section 2739g-51, Ky. Stats., by which the operation of an automobile in the residence portion of any *city or town* faster than 20 miles per hour is made prima facie evidence of improper driving.

Here again we are faced by the fact that plaintiff rested her cause of action on the last clear chance rule; hence the speed at which the truck was being driven at

the time Braden started to cross its pathway is but a matter of the driver's antecedent negligence, and this evidence was properly excluded, and the proffered instruction thereon was properly refused.

### Conclusion.

Liston may have been negligent in having this car operated without proper brakes. It may have been operated at a negligent and improper speed. Braden may have been contributorily negligent in starting across its pathway and thus going into a place of peril, but when the driver saw or in the exercise of ordinary care should have seen that peril, the curtain fell on all antecedent negligence of either and a new duty was thrust upon the driver of Liston's truck. He had to use ordinary care with the means he then had available to avoid injuring Mr. Braden. If he did not do that, Liston is responsible for Mr. Braden's death. If he did, Mr. Liston is not responsible. Under instructions that are ample and correct the jury found for Liston.

Judgment affirmed.

Whole court sitting.