## Womack v. Ison et al.

(Decided June 5, 1936.)

JOHN M. THEOBALD for appellant.

R. C. LITTLETON and ARTHUR C. JARVIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

C. B. Womack sued appellees for $6,000 for injuries sustained by him at 1:30 p. m. March 16, 1934, when his left leg was broken between the knee and ankle by being struck and run over by one of appellees' trucks. The jury found for the defendants, and Womack appeals.

## The Accident.

Mr. Womack is chief of police of the city of Grayson, also head of its fire department, and on this occasion he was on route 60 engaged in the conduct of a firedrill and the flushing of a sewer.

He was not wearing a police uniform, but for this work had donned a suit of work clothes and had his official badge upon his inside coat pocket. While this work was going on, some one called Mr. Womack to the telephone and told him to stop a truck carrying a West Virginia license. As he returned to the roadway, he saw appellees' truck approaching from the east. He stepped to the center of the street and held up his hand for the truck to stop.

After standing there for a moment, Mr. Womack started walking across the street to the north side, continuing to hold up his hand. The truck instead of stopping turned to the left or south side of the highway. Mr. Womack became alarmed, and started hastily to the south side of the highway. The truck driver thereupon endeavored to turn his truck to the north of the highway, but was unable to do so in time to avoid striking Mr. Womack.

Mr. Womack admits that if he had remained where he was when he first signaled for the truck to stop it would have passed north of him, and if he had remained on the north side of the highway where he had

last stopped the truck would have passed south of him and he would not have been struck in either case. This shows this accident is the direct result of the carelessness of Mr. Womack in getting in its pathway. Still the law in its humanity puts all that aside and requires each to do everything possible to avert the impending accident.

This truck was not the one Mr. Womack had been directed to stop, and he was not so dressed as to indicate clearly that he was an officer. Mr. Womack insists that after he was in peril, it is not negligence, if in trying to extricate himself therefrom, he did the wrong thing; but that does not apply in this case for this peril was of his own creation.

### Instructing the Jury.

The court defined ordinary care, gave a proper measure of damages, told them nine or more could return a verdict, then gave this:

"The jury will find for the defendants unless you believe from the evidence that the defendant, Dewey Ison, who was driving the truck on the occasion mentioned in the evidence, failed to exercise ordinary care to avoid injuring the plaintiff after he discovered, or by the exercise of ordinary care could have discovered, plaintiff's peril, in which event you will find for the plaintiff." This instruction was properly given.

Mr. Womack tendered an instruction on speed; one on brakes, horn, etc.; one on his rights as an officer; and one on the driver's duty to stop on the signal of an officer. None of these should have been given. Plaintiff's subsequent contributory negligence blots them out, and the law forgets them, after an accident becomes imminent, and simply requires each to take a last clear chance of averting the impending accident. See Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W. (2d) 241.

Judgment affirmed.