## Fultz' Administrator v. Williams.

(Decided Dec. 18, 1936.)

652

WOODS, STEWART & NICKELL for appellant.

DYSARD & TINSLEY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant sought to recover $20,000 for the alleged negligent killing of its intestate (a five year old boy); the jury found for the defendant, and the plaintiff appeals. This case is much like Braden's Adm'r v. Liston, 258 Ky. 44, 79 S. W. (2d) 241.

### The Facts.

This accident occurred about 6:45 p. m. February 14, 1934, as the defendant was driving on Belmont street towards the center of Ashland and just after defendant had passed the T-shaped intersection made by the entry of Poplar street into Belmont street from the defendant's right. Just beyond this intersection in the direction defendant was going there is a mailbox standing near the curb on the right, and there is evidence this child had been standing by the side of this mailbox, but, just as defendant was approaching, the child suddenly took a notion to cross the street, and, having stepped over the curb into the paved roadway, had taken a step or two when the defendant's automobile struck and killed him.

The roadway was unobstructed. The headlights on defendant's automobile were burning, and there was nothing to prevent defendant's seeing the boy after he entered the roadway. Considering the time of the year, however, and the time of the day as stated above, we know the sun had been down for over an hour, it was dark, and there is no evidence the defendant did see or could have seen this child until he entered the roadway. The witnesses speak of it being "kinda dark," "dusky dark," "not plumb dark," etc.

Lula Howard and Proctor Stevens testified they were near to and saw the accident, yet the defendant, Wililams, and the witnesses Mary Lou Lowry, Edgar Green, and Marie Williams say they did not see them, although 200 feet farther on a street lamp was burning. So, with due allowance for excitement, we are

quite sure the illumination was poor where the accident occurred, and it seems the child was struck just a second or so after it stepped from the roadside gloom into the roadway.

It is quite probable it was the illumination of this street by defendant's approaching automobile that enabled this child to see the children playing on or near the opposite side of the street, and caused the child to start across to join them.

### The Instructions.

Plaintiff prepared six instructions which the court gave, and of course it cannot complain of them, but the following instruction had been prepared by the defendant, the court gave it, plaintiff excepted, and now rests its hope for reversal upon it:

"If the jury believe from the evidence that plaintiff's decedent, Hoover Fultz, appeared into the path of defendant's automobile, a sufficient distance ahead of said automobile, that had the defendant been driving said automobile at a reasonable rate of speed, he could, by the exercise of ordinary care and the use of the means at his command, have stopped the same, changed its course, or slackened its speed in time to have avoided coming into collision with the plaintiff's decedent, Hoover Fultz, and failed to do so, then the law is for plaintiff and you will so find."

In one of the cases cited by plaintiff, Ashland Sanitary Milk Company v. Messersmith's Adm'r, 236 Ky. 91, 32 S. W. (2d) 727, 729, we said:

"Whatever may have been the view of the court in years past, we have been inclined in recent years to confine the sudden appearance [doctrine], in so far as infants are concerned, to cases where the injured infant leaves the sidewalk or emerges from behind another vehicle or other obstruction, and appears on the highway in the path of the on-coming vehicle so suddenly that the driver thereof in the exercise of ordinary care could not have prevented the collision with the means at hand."

This child did not emerge from behind another vehicle or other obstruction in the street, but it did

leave the sidewalk and suddenly appear in this highway in the pathway of the defendant's oncoming automobile. We have not overlooked the fact that this sidewalk has not been very materially improved. In the construction of this street a retaining wall was built at what appears to be about 8 or possibly 10 feet from the curb, and the space between the two had been filled with earth and some one had scattered some ashes and cinders thereon, still that was a sidewalk within the meaning of the language of the above opinion, the word "sidewalk" being used there in the sense of the abutting streetside and not necessarily meaning an improved walkway along or upon such abutting streetside. How long it was after this child entered the street until it was struck does not definitely appear. There is no evidence the child stopped or hesitated at all, but all witnesses say he started across the street, thus indicating he started at once.

When the defendant saw the child, he applied his brakes. They were in good order, and the wheels of the automobile skidded for 39 inches. That shows us the position of the automobile on the street as well as the efficiency of the brakes. The right-hand wheels of this automobile were shown by these skid marks to have been 8 inches from the right-hand curb. The child was between the two right wheels when the automobile stopped, which is some indication this child was struck by the right-hand side of this machine. If the child was going one mile per hour, he would go 1.46 feet per second, and it could not have been exceeding two seconds after he stepped into this roadway before he was struck. The giving of this sudden appearance instruction was eminently proper.

Plaintiff says, however, that this instruction was erroneous because there was not added to it these words:

"If defendant had been running at reasonable rate of speed."

The effect of adding those words would have been to duplicate and emphasize matters the plaintiff had embodied in its instructions II and III. The jury is to be guided by all the instructions given. The instructions are not erroneous, if, when all considered together, they correctly present the law.

The judgment is affirmed.