## Beckwith v. Louisville Ry. Co.

Jan. 24, 1939.

ABRAHAM & GUTHRIE for appellant.

JOHN E. TARRANT for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Elizabeth Beckwith, fell and was injured as she was leaving one of appellee's, Louisville Railway Company, trolley coaches. The coach had stopped for the purpose of loading and unloading passengers. Appellant fell from the lower step to the street, thereby skinning her knee and spraining her left arm and forearm. She sought to recover damages from the Railway Company, alleging in her petition that, while in the act of alighting from the trolley coach, "on account of the

negligence of the defendant in failing to maintain the step of said motor bus in a reasonably safe condition for the alighting of passengers, her foot was caught in said step, with the result that she was precipitated suddenly and violently to the ground and seriously and painfully injured.''

Appellee denied the affirmative allegations of the petition and stated further that the accident would not have occurred except for appellant's carelessness and negligence. The court instructed the jury to find 'for the Railway Company. From the judgment on this verdict Elizabeth Beckwith appeals.

Counsel for appellant state in their brief that: ''there is but one question for decision on this appeal, i. e. the correctness of the Court's ruling in peremptorily instructing the jury to return a verdict for the appellee.''

Appellant testified as to the extent of her injuries and the manner in which she sustained them by falling to the street as she was attempting to leave the coach. The only other witness testifying was the doctor who treated her. Appellant testified that she always looked where she was stepping, and that she looked down at the steps as she was leaving the coach, and that there was nothing unusual about them. She stated further that the lower step was dry and that the rubber covering on it appeared to be in good condition and that there were no holes or broken places in it. She stated also that she did not stumble or fall out of the bus, and that she did not slip. In her own words she said that:

> ''Well, I distinctly remember the sensation of stepping down in something that was—sort of gave under my foot, you know, as heavy rubber would give—spongy rubber. I can remember something sort of catching hold of my foot—my right foot—as I went to step forward with my left foot.''

Counsel for appellant in their brief have sought to show that the rubber covering on the steps of the coach was of such character and construction as to make it an unsafe appliance. There is no evidence in the record to this effect, however, except appellant's statement as to how she fell. Furthermore, the allegation in the petition deals specifically with the maintenance of the steps of the coach. There is no general allegation

of negligence in the petition, nor is there any allegation that the steps or the rubber covering on them were so constructed, or of such a character, as to constitute an unsafe appliance. Thus we see that there is neither allegation nor proof that the steps or their rubber covering were so constructed as to render them unsafe for persons using the coach. We have frequently held that where a petition sets out in specific detail the particular acts of negligence upon which recovery is relied, the complainant can not introduce evidence of other or different acts of negligence. Manwaring v. Geisler, 191 Ky. 532, 230 S. W. 918, 18 A. L. R. 192; Manwaring v. Geisler, 196 Ky. 110, 244 S. W. 292; Wigginton's Adm'r v. Louisville Railway Company, 256 Ky. 287, 75 S. W. (2d) 1046; Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W. (2d) 241. The trial court, therefore, properly instructed the jury to find for the Railway Company, because, as we have seen, there was neither allegation nor proof, except appellant's statement as to the rubber giving when she stepped on it, that the steps or the rubber covering on them were improperly constructed, or that they constituted an unsafe appliance on the coach.

Judgment affirmed.