### Lacy v. Higgs.

January 26, 1951.

John J. Winn, Judge.

E. M. Hogge and Lester Hogge for appellant.

Hubert Counts, Davis, Boehl, Viser & Marcus, and James M. Graves, A. J. Deindoerfer for appellee.

STANLEY, COMMISSIONER—Reversing.

The appellant, Gordan Lacy, a thirteen year old boy, suffered severe head injuries in the collision of his bicycle and a car of the appellee, Oran Higgs, on the afternoon of July 31, 1948, on U. S. Highway 60 near Pettitt's Store east of Morehead. In the suit for damages, the court peremptorily instructed the jury to find for the defendant.

The boy was riding his bicycle along with but just behind three other children about the same age who were walking on the north side of the road facing the traffic. They had come along on the gravel shoulder of the road, which was unusually wide before and at the point of the collision. A bread truck was parked entirely off the paving, but headed east, the wrong way. The three children went safely around it, but the bicycle either struck or was struck by the car of the defendant, traveling west.

The boy testified that he never saw the oncoming automobile because the parked truck was in the way. The best he could remember he turned out onto the paving when 3 or 4 feet, maybe more, behind the parked truck. Helen Caudill, one of the children, testified that after she and the two others had gone around the truck, she looked back and Gordan was even with its front door when he was hit. From her testimony as a whole, it is apparent that she realized the collision was inevitable, turned and saw the boy coming around the truck, but she says she did not see the actual striking of the bicycle. It was shown that it is about fifteen feet from the back end of the truck to the front door; also, that the road is straight and clear for about 900 feet east of the point of the accident. Lewis Fraley was traveling east on the right side of the road and apparently was about even with the parked truck on the other side when the collision occurred. The noise caused him to glance around or to his side, and he saw the bicycle and boy fall, partly on the paving at the back of the truck. The witness had

not noticed the parked car but did notice that there were several automobiles meeting him and judged that the Higgs car was traveling 30 or 35 miles an hour.

The plaintiff called the defendant to the stand and examined him as if under cross-examination. He testified he was traveling 25 or 30 miles an hour; had first seen the boy on the bicycle "maybe 50 yards up the road, on the shoulder," and next saw him when he started from behind the truck about ten feet away. At that time the front of his car was even with the front of the parked truck. The boy started to come on the blacktop paving and then his bicycle slid out under the car's fender. He then ran about 20 feet before he could stop. The witness had not seen the other children walking along the side immediately in front of the bicycle.

As a witness in his own behalf, the defendant gave the same testimony with but little in addition or modification. He repeated his testimony that he first saw the boy when he was fifty yards away as he was coming in his direction. At the time, the boy, he estimated, was eighty or ninety feet beyond the parked truck and was in a safe place on the shoulder of the road. He stated emphatically that the bicycle darted out from behind the parked truck, turned to go back and skidded, the boy falling against and under his front fender. The defendant swerved to his left, "hit the brakes and stopped as quick as I could." The defendant was corroborated by his wife in the car with him and his brother-in-law, who was in another automobile following him though their testimony is not so definite.

Under the state of the pleadings, there must go out of the case whatever basis there was for the jury's inference that the defendant was negligent in failing to apprehend when he was 150 feet from the parked truck that the boy on the bicycle 25 or 30 feet on the other side of it would come around it into the path of the automobile. The question then becomes whether the plaintiff should have his case submitted under the last clear chance doctrine.

The defendant's plea of contributory negligence was not controverted by reply or of record. In a tort action this admission of the pleading is fatal to the plaintiff's right of recovery and authorizes a peremptory instruc-

tion for the defendant. Short v. Robinson, 280 Ky. 707, 134 S. W. 2d 594; City of Pineville v. Asher, 287 Ky. 503, 154 S. W. 2d 545. The question we have here is whether that rule should apply when there is evidence that would take the case to the jury under the doctrine of last clear chance. In other words, may he go to the jury under that rule where there is only a general plea of negligence made in the petition and a traverse, the plaintiff conceding that he was contributorily negligent?

We have held, though the contrary rule seems to prevail in perhaps a majority of the jurisdictions, 38 Am. Jur., Negligence, Sec. 271; Shearman and Redfield on Negligence, Sec. 182, that a plaintiff is entitled to have his case submitted under the last clear chance rule without having pleaded it where the evidence authorizes such submission, Louisville & Nashville Railroad Co. v. Benke's Administrator, 176 Ky. 259, 195 S. W. 417; Kentucky Traction & Terminal Co. v. Wilburn, 206 Ky. 510, 267 S. W. 1090, 1091. Notice may be taken of Braden's Administratrix v. Liston, 258 Ky. 44, 79 S. W. 2d 241. An amended petition was filed admitting the plaintiff had put himself in a place of peril and pleading specific negligence on the part of the defendant in failing to exercise ordinary care to stop or change the course of his truck after having discovered the plaintiff's peril. We observed that it had not been necessary for the plaintiff to file this special pleading, as he might have relied upon general negligence pleaded in the petition, yet having filed the amendment and specified the particular negligence, he was bound by that specification and could rely upon no other. We held, therefore, that the court properly confined the instruction to that special issue.

Our attention has not been called to a case, other than Braden's Adm'x v. Liston, supra, where the right of recovery of damages rested solely and alone on last clear chance rule under concession in the pleadings of contributory negligence. But there can be no difference under our practice which recognizes that subsequent negligence is contained in the allegations of the petition and traversed in the answer. The issue is still in the case whether contributory negligence is conceded by the pleadings or proved by the defendant. We are of opinion, therefore, that when the evidence authorizes it, the

plaintiff is entitled to a submission of the issue of last clear chance but that only.

The full consideration of the evidence in the present case leads us to the view that it was sufficient to take the case to the jury on that issue. Regarding the evidence most favorable to the plaintiff, he had traveled 18 or 20 feet after emerging from behind the parked truck, and was in plain view of the defendant while doing so. It is reasonable to say from common knowledge that these children walking and the boy on his bicycle riding along with them were not traveling more than 3 or 3½ miles an hour. The automobile was going 30 or 35 miles an hour, so by computation of the respective distances and rates of speed, the automobile must have gone ten times as far or around 180 or 200 feet after the boy came into view. As is conceded by the pleadings, it was contributory negligence to come from behind the parked truck into the path of the oncoming car. The defendant stopped his automobile in 20 feet after the collision. We think it was for the jury to say in the circumstances whether under the last clear chance rule the defendant saw or by the exercise of ordinary care should have seen the plaintiff in time to have avoided striking him. Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448; Bright v. McAllister, 310 Ky. 512, 221 S. W. 2d 67; Galloway v. Patterson, 312 Ky. 862, 229 S. W. 2d 960.

The judgment is reversed.