## SHAFER v. BARBIER et al.

Court of Appeals of Kentucky.
June 19, 1953.

Frank S. Ginocchio, Sam P. Strother and Kermin Fleming, Lexington, for appellant.

Richard Bush, Jr., and H. Hamilton Rice, Lexington, for appellees.

COMBS, Justice.

This action was filed by the plaintiff, Edna E. Shafer, to recover for an injury allegedly incurred by her as the result of a beauty treatment administered by the defendant, Lillian Knight, a beautician at the beauty salon owned and operated by the defendant George Barbier. Myrtle Barbier, wife of George, was also named as a defendant but there was no evidence she owned any interest in the business and the court directed a verdict for her on that point. A verdict was directed for the other defendants for other reasons and the correctness of that ruling is the question on this appeal.

Plaintiff visited the salon to receive a beauty treatment. Part of the treatment consisted of having her eyebrows dyed. Mrs. Knight was assigned this task. During the course of the treatment plaintiff received a burn and discoloration on her face about the size of a "quarter."

The petition as amended alleged negligence generally and specifically. Under the settled rule in this jurisdiction plaintiff thereby deprived herself of showing any acts of negligence other than those specifically pleaded. Braden's Adm'x v. Liston, 258 Ky. 44, 79 S.W.2d 241; Kroger Grocery & Baking Co. v. Stevenson, Ky., 244 S.W.2d 733.

We now look to the pleadings and to the evidence to see if the negligence specifically pleaded was proved. It is pleaded that the dye contained a caustic or burning compound of which the defendants had knowledge. On this point there is a complete failure of proof. There was no attempt to show the chemical contents of the dye. It is also pleaded that the operator negligently failed to use pads or guards to prevent the dye from touching plaintiff's skin and negligently dropped a portion of the dye upon her face. But unless there was some harmful ingredient in the dye it was not necessary for the operator to take precautions against the dye touching the skin. There is also an allegation in the amended petition that after plaintiff's face had already been burned the operator negligently applied a peroxide which further inflamed the skin and caused greater discoloration. The proof also failed to sustain this allegation. There is no testimony that the operator applied a peroxide and, as we construe the testimony, it is not shown that the burn was aggravated by this treatment. It is also pleaded that the operator was under the influence of intoxicants. There is some testimony to sustain this allegation, but it is not shown that the operator's condition had any connection with the injury.

There was testimony from which the jury might have reasonably inferred that plaintiff's injury was caused by the negligence of the operator in leaving the

dye on the skin for too long a time. But there was no allegation in the petition on this theory of the case. So we have a situation where the negligence pleaded was not proved, and the negligence proved was not pleaded. Since none of the specific acts of negligence relied on in the petition was proved we have no alternative but to affirm the judgment.

The judgment is affirmed.