Charles R. MARSHALL, Appellant,

v.

Charles P. MERRIFIELD, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

Frank E. Haddad, Jr., Louisville, for appellant.

Ernest H. Clarke, Stites & McElwain, Louisville, for appellee.

PALMORE, Judge.

This is the second appeal of an automobile-pedestrian case, the first trial having resulted in a directed verdict and judgment for the defendant, Merrifield, followed by a reversal on the ground that the plaintiff, Marshall, had a submissible jury case under the last clear chance doctrine. Marshall v. Merrifield, Ky., 431 S.W.2d 870 (1968). In the second trial that was the only theory of liability presented by the instructions, and the jury found for the defendant. The plaintiff appeals again, this time contending that the instructions did not sufficiently specify the defendant's duties and that the trial court erred in adjudging the plaintiff negligent as a matter of law and in disallowing the introduction of certain exhibits.

■ The essential evidence is outlined in the first opinion, cited above. That opinion says the only question for decision was whether the plaintiff was entitled to go to the jury under a last clear chance instruction. Assuming nevertheless that on his first appeal the plaintiff intended to present or preserve a contention that he was not contributorily negligent as a matter of law, this court's omission to dispose of it had the effect of settling the issue.

"The doctrine of 'the law of the case' is founded upon the policy that there should be an end to litigation, and cases may not be presented by piecemeal. It is a sound policy, and well developed and understood in this jurisdiction. The doctrine as defined by the decisions, is that one adjudication settles all errors relied upon for a reversal, whether mentioned in the opinion of the court or not, and all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error." Sowders v. Coleman, 223 Ky. 633, 4 S.W. 2d 731 (1928).

"No rule is more firmly established in this jurisdiction than the one that the opinion on the first appeal becomes the law of the case not only as to the errors there relied upon for reversal but also as to errors appearing in the first record that might have been but were not there relied upon for a reversal." Aetna Oil Co. v. Metcalf, 300 Ky. 817, 190 S.W.2d 562, 563 (1945).

There being no substantial difference in the evidence, under the law of the case the issue of Marshall's negligence is closed.

The liability instruction given by the trial court was as follows:

"The law of this case is for the defendant, Merrifield, on the claim of the plaintiff against him unless the jury believe from the evidence that the defendant, Merrifield by the exercise of ordinary care, saw or could have seen the plaintiff in a position of peril in sufficient time that by ordinary care in the use of the means at his command he could have avoided striking the plaintiff, in which event the law of this case is for the plaintiff and the jury will so find." [1]

The specific point made for Marshall, the pedestrian, is that the trial court should have instructed on the duty of Merrifield, the motorist, to have his car equipped with headlights that would reveal objects at a distance of 350 feet on high beam and 100 feet on low beam, as required by KRS 189.040.

In the usual situation of a run-down accident at night, if the evidence would support a finding that a motorist keeping a proper lookout and traveling with proper lights could and should have seen the pedestrian in time to avoid running him down, the motorist's failure to see what he should have seen constitutes evidence permitting an inference that he was not keeping a proper lookout or did not have adequate lights, or both, and for that reason the court must instruct on those duties. Mason v. Stengel, Ky., 441 S.W.2d 412, 414 (1969). But when the pedestrian is found contributorily negligent as a matter of law the motorist's exposure to liability is restricted to the breach of those duties embraced within the scope of the last clear chance doctrine.

Whether a last clear chance or discovered peril instruction should include those antecedent duties of the defendant driver which, if properly observed, would have enhanced his opportunity to avail himself of the last clear chance to avoid the accident is a question that goes to the heart of what "last clear chance" really means.

The test is not what the motorist could and should have done if he had arrived prepared as the law required him to be prepared, but what he could and should have done on an "as is, where is" basis—that is, with the means then and there actually at his command,[2] regardless of his antecedent derelictions.[3] "Plaintiff's subsequent contributory negligence blots them out, and the law forgets them, after an accident becomes imminent, and simply requires each to take a last clear chance of averting the impending accident." Womack v. Ison, 264 Ky. 640, 95 S.W.2d 277, 278 (1936). See Prosser on Torts (4th ed.), p. 432; Restatement, Torts 2d § 479, Comment h (1965).

Baker v. Sizemore, Ky., 338 S.W.2d 386, 390 (1960), in which the injured pedestrian was not contributorily negligent as a matter of law, is not in point.

Both Merrifield and his witness Manion had given written statements to someone investigating the accident for Marshall on January 11, 1966. Each of these statements contained a sentence to the effect that the signer had not been contacted by any other investigator and had not given any other written or recorded statement. Except for this sentence of disclaimer counsel for Marshall was permitted to read the statement of each of the respective witnesses and question him about it. In other words, the jury heard all the statements contained that was relevant. However, for some reason counsel for Merrifield objected to a reading of the disclaimer and the trial court did not permit it to be read. Because each statement

---

1. A preferable instruction is suggested in Dickerson v. Martin, Ky., 450 S.W.2d 520, 524 (1970).

2. The last clear chance instruction offered by Marshall, like the one given by the trial court, limited Merrifield's duty to the exercise of ordinary care with "the means at hand."

3. The converse is true, of course, with respect to "sudden emergency" instructions. Mullins v. Bullens, Ky., 383 S.W.2d 130, 134 (1964).

thus contained this language that had been excluded, the trial court overruled Marshall's motions to introduce them, *in toto*, as exhibits. Marshall now complains of this action, not because there was any substantial conflict between what Merrifield and Manion had said in the statements and what they said in court, but because neither of the statements mentioned that Marshall was *running* as he attempted to cross the highway (Marshall testified that he was walking, and at no time was running), whereas both witnesses testified at the trial that he *was* running.

It seems to us that since there was nothing in the statements to contradict what the signers had said in their testimony there was no necessity for their reception in evidence as exhibits. If counsel had wished to bring it to the jury's attention that Merrifield and Manion were testifying to something they had not mentioned in their earlier statement, all he had to do was to ask each of the two witnesses whether he had mentioned Marshall's running in the statement and if not, why not. We find no error by the trial court.

The judgment is affirmed.

All concur.