### Manwaring v. Geisler, an Infant, By, Etc.

(Decided May 17, 1921.)

## Appeal from Campbell Circuit Court.

1. Negligence—Evidence—Pleading.—A plaintiff will be confined in his evidence on the trial to the negligence charged in the petition, if it be specifically set forth, and this rule obtains even where such specifications follow a general charge of negligence.
2. Negligence—Pleading.—Where the specific acts of negligence charged in the petition are not sustained by the evidence the plaintiff must fail.
3. Officers—Negligence—Motorcycle Policeman's Injury to Boy—Liability Upon Bond.—A motorcycle policeman of a city is liable on his bond for negligence in running his motorcycle against the bicycle of a boy in the street where the terms of the bond are that he will "commit no trespasses against any person under the guise of said position for which he or the city may be held liable."

HOWARD M. BENTON for appellant.

HORACE W. ROOT and B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Manwaring, a motorcycle policeman of the city of Newport, was required by the city to perform certain duties in the fire department in addition to his duties as police officer. Before entering upon the discharge of his duties the officer was required to and did execute to the Commonwealth and the city of Newport the following bond:

"Know all Men by These Presents: That we, William R. Manwaring, as principal, and Massachusetts Bonding and Insurance Company, a corporation organized under the laws of Massachusetts, as surety, are held and firmly bound to the Commonwealth of Kentucky, and the city of Newport, in the sum of one thousand ($1,000.-00) dollars well and truly to be paid.

"The condition of the foregoing bond is as follows:

"Whereas, William R. Manwaring has been engaged as a motorcycle policeman of the city of Newport, Kentucky, during the pleasure of the board of commissioners of said city.

"Now, if the said William R. Manwaring shall well and truly perform the duties of said position and commit no trespasses against any person under the guise of said position for which he or the city may be held liable, then this bond shall be null and void, otherwise to remain in full force and effect.

".In witness whereof, we have this first day of .May, 1919, set our hands,

"WILLIAM R. MANWARING.

Massachusetts Bonding & Ins. Co.

By HOWARD M. BENTON,

Attorney-in-fact."

After the execution of the bond and while it was in full force and effect and at a time when the officer was in the discharge of his duties as a member of the fire department of the city, riding his motorcycle, he ran into and against the bicycle of the plaintiff and appellee Geisler, causing him to be thrown to the ground and badly injured. This suit was brought by the injured boy against the officer and his surety, the Massachusetts Bonding and Insurance Co., to recover damages for the alleged negligence of the officer. A verdict for $500.00 being returned and judgment entered thereon in favor of the plaintiff, the defendants Manwaring and his surety appeal, urging several grounds for the reversal of the judgment, which may be set out as follows: (1) There is no liability on the bond of the policeman for a trespass done by him while performing duties as a member of the fire department. (2) Public necessity exonerates a motorcycle policeman from liability for all but gross negligence. (3) The plaintiff, Geisler, was guilty of contributory negligence but for which the injury would not have happened. (4) The trial court grievously erred in

instructing the jury on the law of "last clear chance" where only specific charges of negligence which do not cover the act of which complaint is made are contained in the petition.    (5) The policeman's bond covered only his official acts and is available to a citizen only when the officer has been guilty of misfeasance, malfeasance or nonfeasance.    (6) The surety on the official bond of a police officer is not liable for ordinary acts of negligence of the officer, for these are done in his individual capacity.

Appellant Manwaring was acting both as a police officer and fireman at the time of the accident to appellee Geisler, and it is impossible to separate his duties one from the other.    In such case the surety on the bond of the policeman may be held liable.    The injured party will not be required to draw fine distinctions and determine whether the officer was doing more duty as a policeman than as a fireman or *vice versa,* if he was performing any duty as a police officer.    Nor is a peace officer exonerated from liability for an injury inflicted while in the discharge of official duties on another on the ground of public necessity if the officer failed to exercise reasonable care for the protection of those whom he knew or by the exercise of reasonable judgment should have expected to be at the place of the injury, although he may not be criminally liable.    For instance, an officer whose duty it is to make an arrest of one charged with felony may use such force and means as will prevent the escape of the prisoner, even to shooting and wounding him, but if in shooting at a fleeing prisoner a police officer should wound another on a public street where people are generally congregated and expected to be, the officer would not be exonerated from civil liability because he had a right to shoot to stop the prisoner, for it was his duty to so perform the functions of his office as not to injure another, and in shooting into a crowd or along a public thoroughfare where people were wont to travel in large numbers, he would be guilty of such failure to exercise reasonable care as would render him civilly liable for the wrong, even though he was justified in firing at the prisoner.

Coming now to the consideration of the alleged insufficiency of the pleading of plaintiff to have warranted the trial court in giving an instruction on the law of the last clear chance, it may be said that the recognized rule in this jurisdiction is that a general allegation of negligence is sufficient to justify the introduction of evidence of any

negligence which was the direct and proximate cause of the injury to the plaintiff, but if the plaintiff in his petition sets out in specific detail the particular acts of negligence upon which he will rely for recovery he will be concluded thereby and cannot introduce evidence of other or different acts of negligence. Even if there be a general allegation of negligence and this is followed by an explanatory charge of specific acts of negligence the plaintiff will likewise be confined in evidence to the proof of the specific acts of which he complains and will not be allowed to enlarge thereon under his general averment of negligence. Gains & Co. v. Johnson, 32 R. 58; 105 S. W. 382.

The petition in this case avers that the plaintiff was injured by the defendant at a time when the defendant police officer was riding his motorcycle along Monmouth street in the city of Newport "at a dangerous and unreasonable rate of speed without giving any warning, notice or signal of any kind of the approach of said motorcycle to the said infant plaintiff, and without having said motorcycle under reasonable control and keeping a lookout ahead of said motorcycle for persons using said street, suddenly and unexpectedly, and with gross and wanton carelessness and negligence drove said motorcycle upon and against infant plaintiff, and his bicycle, throwing infant plaintiff down to and upon said street with great violence, seriously injuring plaintiff and destroying his bicycle.

"Plaintiff says that by reason of said negligence and said dangerous and unreasonable rate of speed and said failure of defendant, William R. Manwaring, to give warning, notice or signal of the approach of said motorcycle as aforesaid, and his failure at said time to have said motorcycle under reasonable control and keep a lookout ahead of his said motorcycle for persons upon said street, infant plaintiff was thereby injured."

It will be observed that the petition charges four specific acts of negligence: (1) Operation of machine at a dangerous rate of speed, (2) failure to give warning, (3) failure to have motorcycle under reasonable control, and (4) failure to keep a lookout for people on street.

No one of the specific acts of negligence charged in the pleading was sustained by the proof. As there was no general averment of negligence and the specific acts of negligence charged do not cover the facts of this case the court should not have given instruction No. 1, which

stated the law controlling persons having the last clear chance to avoid an injury.

The evidence for plaintiff tended to prove that the plaintiff Geisler, a boy thirteen years of age, was riding his bicycle along the right side of the public street late in the evening when the engine of the fire department passed going south. .The boy turned his wheel and crossed the street and started back in the direction the fire engine was going. His wheel was about three or four feet from the curb and on the right side of the street. The appellant Manwaring, who was riding a motorcycle and aiding the fire department at the time, came up behind appellee and when in about twenty feet of appellee saw him and shouted a warning to him to get out of the way, which appellee says he did not hear nor obey. Instantly thereafter the motorcycle struck the wheel of the bicycle on which Geisler was riding and threw him to the ground with great violence, inflicting the injury of which complaint is made.

It would appear from the evidence of appellee and his witnesses that appellant Manwaring could have avoided the injury to plaintiff if he had only slightly changed the course of his motorcycle after he saw the perilous position of Geisler when twenty feet away, for the two cycles were almost, if not exactly, in line. Of course the evidence of appellant tends to prove Geisler was guilty of contributory negligence in crossing the street immediately in front of the oncoming motorcycle, which was giving loud signals of its approach, as claimed by them. But the theory of plaintiff as presented by instruction No. 1, though defective, we are of the opinion, was the only one on which he could have recovered. He was not entitled to recover at all upon any other theory than that the defendant Manwaring saw the plaintiff Geisler in time to have, by the exercise of reasonable care on his part, avoided the injury and failed to do so. This instruction in the form given is erroneous in that it concludes with a proviso against contributory negligence. This part of it should have been omitted. On another trial, if the evidence be in substance the same as upon the last trial, the instruction should simply be: If you believe from the evidence that defendant Manwaring, before the accident, saw or by the exercise of ordinary care could have seen plaintiff Geisler far enough in front of him that defendant could have, by the exercise of ordinary care, avoided the injury to Geisler, but failed to do so, your verdict will

be for the plaintiff Geisler. Unless you so believe you will find for the defendant Manwaring. This instruction should be followed by one fixing the measure of recovery, if any, which the plaintiff may have should the jury find for him, and such other instructions and definitions as may be necessary to cover the case.

It is the contention of appellant that there can be no recovery on the bond by plaintiff because the negligence, if any, which brought about the injury was the individual negligence of Manwaring, and not an act committed by virtue of his office. This depends upon the terms of the bond. As is well said in 29 Cyc. 1454: "The liability on an official bond is determined by the terms of the bond, even where they do not comply with the statute requiring the bond." The bond sued on herein is very much broader in its terms than the usual official bond of policemen, as will be manifest from a casual reading thereof. It undertakes to indemnify against all trespasses committed by the officer against any person under the guise of said position (motorcycle policeman) for which he (Manwaring) or the city may be held liable. If Manwaring negligently ran his motorcycle against the bicycle of plaintiff Geisler, as contended by the latter, and thus caused his injury, Manwaring may be held liable, and his bond, according to its terms, may be made to respond. If the bond had run as do such bonds usually that "he will well and faithfully perform the duties of his office" no liability on the bond would attach under the facts of this case, for there the officer would only be liable on his bond for misfeasance, malfeasance or nonfeasance, and not for acts of negligence like the one under consideration which was not committed strictly within *virtute officii.* It would be well for every city to take from its police officers a bond with like terms, for it would afford its citizens greater protection.

Undoubtedly the plaintiff Geisler is entitled to recover on this bond for the negligence of Manwaring, if any, while acting as motorcycle policeman, if that negligence was the proximate cause of his injury.

On a return of the case to the lower court the plaintiff should be allowed to amend his petition if he so desires and set forth the negligence indicated herein, or in general terms. When issue is joined the court should confine the evidence to the facts which immediately surround the injury—that which took place just prior to and at the

time of the injury to plaintiff Geisler. The court will then instruct the jury as indicated above.

For the reasons indicated the judgment is reversed for a new trial consistent herewith.