## Byck v. Bardo.

(Decided October 24, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

Municipal Corporations—Action for Damages Received in Automobile Collision—Pleading.—It was competent for the plaintiff in a suit for damages for injuries received in an automobile collision to prove that the driver of the car of defendant was reckless, going at a high speed, gave no notice of his approach to the intersection of the street and suddenly and unexpectedly ran across the street and without warning or notice to plaintiff ran into and against the truck driven by plaintiff demolishing the truck and injuring the driver thereof, under a pleading which alleged such facts.

JOHN P. HASWELL, JR. for appellant.

FRED FORCHT and WILLIAM L. LUCAS, JR., for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Bardo was the owner of a motor truck used by him in the delivery of goods sold by his grocery in the city of Louisville, appellant Byck was the owner of a

large automobile. While appellee Bardo was driving his truck east on Hill street about eight o'clock at night the Byck car, going north on Second street, struck the Bardo truck demolishing it and injuring appellee Bardo. He sued for damages and was awarded the sum of $1,000.00.

Several grounds for a reversal of the judgment are assigned by Byck. First, it is insisted that the instructions given by the court are erroneous in that they are broader than the averments of the petition. That pleading alleges that Byck was driving his automobile in a careless and grossly negligent manner at a high rate of speed and without giving any warning notice or signal of any kind of the approach of said automobile to the intersection, and came suddenly and unexpectedly across the street without any warning or notice to this plaintiff and ran into and against and upon the truck driven by plaintiff without giving plaintiff any chance or opportunity of avoiding said machine or automobile. Appellant takes the position that only specific acts of negligence are charged in the pleading: (1) High rate of speed, and (2) lack of warning signal of approach to the intersection, and, therefore, these were the only issues to which the plaintiff was entitled to produce evidence, and for that reason the issues to which the court was bound to confine its instructions to the jury, but this position overlooks the further averments of the pleading to the effect that the Byck automobile was being driven in a careless and grossly negligent manner, and came suddenly and unexpectedly across the street without any warning or notice to plaintiff and ran into and against and upon the automobile driven by plaintiff, without giving plaintiff any chance or opportunity of avoiding said machine or automobile. Acknowledging the rule contended for by appellant that when specific acts of negligence are alleged in the petition, the case rests upon such negligence only and no instruction should be given by the court on any other negligence, as sound—Manwaring v. Geisler, An Infant, by, etc., 191 Ky. 532—we think the court in this case did not violate said rule by telling the jury that is was the duty of Byck at the time and place of the accident to have his automobile under reasonable control and keep a lookout ahead and operate it at a reasonable rate of speed, and if the jury believe from the

evidence that the Bardo truck reached the intersection of Second and Hill streets either before or at the time the Byck car reached the intersection of Second and Hill streets, then it was the duty of the chauffeur of the Byck car to have brought his car to a stop (or to a slow rate of speed) and permitted the Bardo car to cross the intersection of Second and Hill streets, and generally to exercise ordinary care to prevent his automobile from coming into collision with other vehicles or persons using the intersection. The specific acts of negligence charged relate to speed, failure to give warning of approach to the intersection and the coming of the Byck car suddenly and unexpectedly against the truck of appellant. Under the state of the pleadings and evidence it was obligatory on the court to instruct the jury concerning the correlative duties of the two drivers and to tell the jury which vehicle had the right of way on the intersection. It was as much the duty of the court, under the state of the pleadings and the evidence, to give the law with respect to the city ordinances as it was to give the common law of the land. If, as charged in the pleadings, the Byck car was so grossly and carelessly driven that it was going at a high rate of speed without giving the signal for the intersection and as a result came suddenly and unexpectedly into the intersection and ran into and against the truck of appellee, Bardo, the trial court was fully justified in giving the instruction of which complaint is made. Upon the whole we think the instructions given by the court to the jury fairly presented the law of the case, and such errors as they contained, we conceive to be harmless under all the facts and circumstances.

Judgment affirmed.