## MURRAY v. LOW et al.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4640.

1. **Sheriffs and constables ⬤⟹157(3)—Sureties on sheriff's bond held not liable for wrongful arrest by sheriff's deputy.**

Sheriff's bond, conditioned that he would "well and faithfully perform the duties of" his office, *held* not to make sureties responsible for wrongful arrest by sheriff's deputy.

2. **Pleading ⬤⟹8(13)—Allegation that sheriff and deputy were acting officially at times complained of held mere conclusion of pleader.**

In action against sheriff for malicious prosecution, growing out of wrongful arrest by deputy, allegation that sheriff and deputy were acting officially at times complained of *held* mere conclusion of pleader.

3. **Limitation of actions ⬤⟹30—Action for malicious prosecution held barred by limitation.**

Action for malicious prosecution against sheriff *held* barred by two-year statute of limitation, Or. L. § 8, and not within three-year statute, section 7, relating to liability for acts in official capacity.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by E. J. Murray against Lloyd L. Low and others. The District Court sustained a demurrer to the complaint, plaintiff declined to plead further, and judgment was entered for defendants. Plaintiff brings error. Affirmed.

O'Neill & Irwin, of Klamath Falls, Or., for plaintiff in error.

Horace M. Manning, of Klamath Falls, Or., for defendants in error.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

McCAMANT, Circuit Judge. The defendants in error were the sheriff of Klamath county, Or., and the sureties on his official bond. The District Court treated this as an action to recover damages for malicious prosecution. We think this characterization of the complaint is correct. It is true that the pleader alleges an improper seizure of plaintiff's goods under a writ of mandamus issued in a proceeding to which plaintiff was not a party, but no damages are charged as the result of this seizure. This portion of the complaint should be treated as setting up matters of inducement explanatory of the more substantial allegations which follow. It is averred that plaintiff in error remonstrated with Burt E. Hawkins, a deputy sheriff who undertook to execute the writ of mandamus, and that Hawkins thereupon made oath to an information charging plaintiff in error with assault with a dangerous weapon. It is alleged that subsequently, through the false testimony of Low, the sheriff, and Hawkins, his deputy, the grand jury was induced to return an indictment charging plaintiff in error with this crime. He was subsequently acquitted. The twelfth paragraph of the complaint is as follows: "That, by reason of the grievous acts and conduct inflicted upon the person of this plaintiff, by this plaintiff's being wrongfully and maliciously arrested, imprisoned and prosecuted in the said criminal courts of the state of Oregon, for the crime charged herein, as aforesaid, without any just or probable cause therefor, thereby caused this plaintiff to sustain grievous distress, worry of body and mind and injured and damaged in and to his person in the sum of twenty-five thousand dollars; and that this plaintiff was thereby said prosecution for said crime, in making a defense to the charge in said indictment was caused to incur and expend for counsel fees and court costs the sum of $720.00 by reason thereof to his damage and injury." The prayer is for damages in the sum alleged in the quoted paragraph.

[1] The official bond of Low is attached as an exhibit to the complaint. The defendants obligated themselves therein that Low would "well and faithfully perform the duties of" his office as sheriff. This obligation did not make the sureties responsible for a wrongful arrest by one of the sheriff's deputies. Chandler v. Rutherford, 101 F. 774, 777, 778, 43 C. C. A. 218. In this case the Circuit Court of Appeals for the Eighth Circuit said: "The liability on the bond, by the terms whereof the sureties agreed that the marshal and his deputies should faithfully perform the duties of his office, is purely contractual. Such an obligation is materially different from an undertaking by the sureties to be responsible for any wrongful act of the marshal and his deputies which they may commit under the pretense that they are discharging an official duty."

[2] Another well-considered case to the same effect is Hawkins v. Thomas, 3 Ind. App. 399, 29 N. E. 157, 158. The allegation of the complaint that Low and Hawkins were

acting officially in the acts complained of is a mere conclusion of the pleader. Hawkins v. Thomas, 3 Ind. App. 399, 29 N. E. 157, 159. The facts pleaded show that Low and Hawkins are responsible individually and not officially for the acts complained of.

[3] The District Court sustained a demurrer to the complaint on the ground that the action was barred by the statute of limitations. Section 7 of the Oregon Code (Or. Laws) prescribes a three-year limitation for "an action against a sheriff, coroner, or constable, upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office; or by the omission of an official duty." Section 8 prescribes a two-year limitation for "an action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated."

In maliciously prosecuting plaintiff in error, Low and his deputy were not acting in an official capacity. Under the laws of Oregon the sheriff is not a prosecutor. The District Court correctly held that the case is governed by the limitation prescribed in section 8, and not by that in section 7. It appears that plaintiff in error was arrested December 23, 1921, indicted April 17, 1922, and acquitted June 20, 1922. His cause of action was complete on the date last named. This action was brought December 19, 1924, more than two years after the cause of action accrued.

The judgment on demurrer was right, and it is affirmed.