### McVEY et al. v. GROSS et al.

(District Court, N. D. Texas, Dallas Division. March 15, 1926.)

No. 3537.

**1. United States marshals ⬤═⟶32.**

Deputy United States marshal is personally liable for his negligent operation of automobile, resulting in death of pedestrian.

**2. United States marshals ⬤═⟶36—Surety on United States marshal's bond held not liable for deputy's negligent operation of automobile causing death of pedestrian (Rev. St. §§ 783, 784 [Comp. St. §§ 1307, 1308]).**

In view of Rev. St. §§ 783, 784 (Comp. St. §§ 1307, 1308) United States marshal's bond, pro-

viding that he and his deputies "shall faithfully perform all the duties" of his office, *held* not to make surety liable for deputy's negligent operation of automobile while returning from serving writ, resulting in fatal injury to pedestrian; such act being personal wrong of deputy, not committed by virtue of his office.

**3. United States marshals ⬤═⟶32—United States marshal held not liable for his deputy's negligent operation of automobile, resulting in death of pedestrian (Rev. St. U. S. §§ 783, 784 [U. S. Comp. St. §§ 1307, 1308]; Rev. St. Tex. 1925, art. 4671).**

Under Rev. St. U. S. §§ 783, 784 (U. S. Comp. St. §§ 1307, 1308), United States marshal is not liable for his deputy's negligent operation of automobile while returning from serving writ, resulting in death of pedestrian, act being personal wrong of deputy, and not committed by virtue of his office, nor was liability imposed by Rev. St. Tex. 1925, art. 4671.

**4. United States marshals ⬤═⟶36.**

Liability of surety on United States marshal's bond is strictissimi juris, and there must be violation of condition of bond to hold surety liable.

At Law. Action by Mrs. Mary McVey and others against S. L. Gross and another. On defendants' motion for a new trial, after verdict for plaintiffs. Motion granted, and general demurrer sustained.

Webster Atwell, of Dallas, Tex., and Capps, Cantey, Hanger & Short, of Fort Worth, Tex., for the motion.

Moroney & Moroney, of Dallas, Tex., opposed.

ATWELL, District Judge. United States Marshal S. L. Gross executed a bond with the defendant Fidelity & Deposit Company of Maryland as surety, which provided that "the said Samuel L. Gross, by himself and by his deputies, shall faithfully perform all of the duties of said office of marshal." The plaintiffs brought a suit in the state court against the marshal for the negligent killing of Mrs. Margaret Zeimett by W. R. Hightower, who was one of the deputies of the marshal. Hightower was not sued. The suit ran against the marshal and his surety alone.

The petition alleged: "Said Hightower, while in the discharge of his official duties as deputy marshal, was driving an automobile on Second Avenue road near the city of Dallas, Texas, and while driving said automobile at a reckless rate of speed, in utter disregard of pedestrians, he drove said automobile against said Mrs. Margaret Zeimett with such violence that she was fatally injured, and died as a result of such injuries within less than an hour thereafter; that such injuries were caused by the wrongful act, neglect, un-

skillfulness, and default of said Hightower, deputy marshal, and wholly without any negligence or default of said Mrs. Margaret Zeimett."

The case was removed to this court and tried to a jury, and a verdict was rendered against the defendants for $300. This is a motion for a new trial. The basis of the motion is that the marshal is not liable for the negligence as alleged, of Deputy Hightower.

The facts disclosed that the writ that Hightower had served, and which had called him into the section of the city where the accident occurred, ran against a person other than the deceased, and Hightower was returning to his office when he ran into and killed Mrs. Zeimett. The plaintiffs insist that, since the deputy marshal was in the discharge of his official duties, whatever he did while so discharging them, if a wrong to another resulted, the marshal and his bondsmen are liable.

[1-3] Beyond question Hightower would be liable personally for the tort committed by him, but to permit a recovery against the marshal would be to read into the bond what the marshal and his surety did not contract, and what sections 783 and 784 of the Revised Statutes of the United States (Comp. St. §§ 1307, 1308) do not justify. Wrongs, misfeasances of subordinate officers or agents, are not recoverable against the principal. Hightower did not act "colore officii" in any such sense or circumstance as would render his principal liable. In driving along a highway, it is charged that he so negligently operated the vehicle in which he was driving as to injure fatally a pedestrian who happened to be crossing that highway. Manifestly this action was not a failure to "faithfully perform" any duty of the office of marshal. It was a personal wrong. It was a wrong for which the marshal and his surety had not bounden themselves to make good or remedy.

[4] The liability of the surety is strictissimi juris. In order to hold such a surety, there must be a violation of the condition of the bond. The negligent act of running into a passing pedestrian was not committed virtute officii. · The cases cited by the plaintiffs, West v. Cabell, 14 S. Ct. 752, 153 U. S. 78, 38 L. Ed. 643, Asher v. Cabell, 50 F. 819, 1 C. C. A. 693, Lammon v. Feusier, 4 S. Ct. 286, 111 U. S. 17, 28 L. Ed. 337, and Covell v. Heyman, 4 S. Ct. 355, 111 U. S. 181, 28 L. Ed. 390, are not opposed to this holding.

That the above suggestions are the law will be quickly gathered by an inspection of the following cases: Robertson v. Sichel, 8 S. Ct. 1286, 127 U. S. 507, 32 L. Ed. 203; Malewicki v. Quale (C. C. A.) 298 F. 301; Chandler v. Rutherford, 101 F. 774, 43 C. C. A. 218; Heidenheimer v. Brent, 59 Tex. 533; Manwaring v. Geisler, 230 S. W. 918, 191 Ky. 532, 18 A. L. R. 192; 22 R. C. L. 22, p. 506; National Surety Company v. State Savings Bank, 156 F. 21, 84 C. C. A. 187, 14 L. R. A. (N. S.) 155, 13 Ann. Cas. 421; Murray v. Low (C. C. A.) 8 F.(2d) 352; People v. Pacific Surety Co., 109 P. 961, 50 Colo. 273, Ann. Cas. 1912C, 577. In the latter case the Supreme Court of Colorado used· this language, which is appropriate in the present case: "It is a case, therefore, where a plaintiff is injured by the private and personal acts of an officer, and not by acts which he has done either by virtue of his office, or under color of his office. The authorities are uniform that the sureties on an official bond are not liable for such acts of their principal."

There is nothing in the Texas statutes which carry forward the liability for injuries resulting in death to the principal for the acts of the agents. Amended Acts Tex. Leg. 1921, p. 212, carried forward in R. S. Tex. 1925, art. 4671.

Motion for a new trial is granted, and, having heard the facts under the general demurrer, same may be sustained.