## LOUISVILLE & N. R. CO. v. TAYLOR.

Court of Appeals of Kentucky.
Nov. 21, 1952.

J. P. Hamilton, J. L. Lenihan, and James P. Helm, Jr., Louisville, for appellant.

Charles W. Anderson, Jr., Harry S. McAlpin, Louisville, for appellee.

COMBS, Justice.

The appellee, Elizabeth Taylor, was injured in a fall while alighting from a train at Henderson, Kentucky. The jury awarded her damages in the amount of $1,800.85 and the Railroad Company appeals.

According to the appellee she was caused to fall by reason of the heel of her left shoe getting caught in an opening at the back of the top step leading from the coach. She testified that the heel was torn off the shoe, and that after the accident she found it still wedged in the "crack in the back of the step." Her testimony is corroborated to some extent by her traveling companion, a Mrs. Cooper, and a shoe with the heel missing has been filed as an exhibit in the case.

The petition charges negligence in general terms, but during the course of the trial an amended petition was filed in which it was said: "The steps of the train * * * were dangerous and unsafe causing the plaintiff to catch her foot in the step," and "The step was so ridged that the plaintiff's heel was caught."

The Company contends that the amended petition charges negligence in specific terms, i. e., that the step was "ridged" and since there was no evidence to this effect, and certainly nothing to show such condition contributed to the accident, the plaintiff failed to prove her case as pleaded.

■■ This Court has repeatedly said that a general allegation of negligence is sufficient to authorize the introduction of evidence of any negligence which contributed to the injury; but when negligence is pleaded generally and this is followed by an explanatory charge of specific acts of negligence, the plaintiff will be confined to proof of the specific acts. Manwaring v. Geisler, 191 Ky. 532, 230 S.W. 918, 18 A.L.R. 192. The filing of the amended petition in this case served no purpose and resulted only in complicating an otherwise simple case. It will be noted it is charged in the petition as amended that the steps were dangerous and unsafe, and that they were "so ridged that the plaintiff's heel was caught." As used in the amended petition, we are unable to tell what is meant by the word "ridged." Presumably, it was intended to convey the thought that there were raised places, or ridges, on the surface of the steps. The word actually describes a condition rather than a specific act of negligence. Although we find no testimony that the steps were ridged, they were before the jury and we are unable to say whether the jury thought they were ridged or not. By reason of the terrain of his native habitat, the writer of this opinion should be as familiar with the word "ridge" as any member of the Court, but I must confess the word means nothing to me as used in the amended petition. The question is close but we conclude that plaintiff was not limited under the pleadings merely to showing that the steps were ridged, but was entitled to show that the steps were unsafe by reason of the opening, or crack, at the back of the tread.

■ The Company also argues it was impossible for the plaintiff to have been injured in the manner claimed by her. The steps upon which she fell were removed from the coach after the accident and introduced as an exhibit at the trial. They are of all-steel construction with solid treads and risers. They are so constructed as to leave an opening of about seven-eighths of an inch between the lower edge of the riser and the corresponding tread. Such opening makes it convenient to sweep snow, ice and rubbish from the steps. In a demonstration to the jury, plaintiff was unable to place in the opening the heel of a shoe similar to those worn by her at the time of the accident, and stated in explanation that she believed the steps had been altered in some manner.

The Company points out that in descending the steps plaintiff's foot ordinarily would not have been in such position that the heel could have caught in the opening behind the tread. Furthermore, she testified she fell backward rather than forward, which would seem to be the direction in which the law of gravity ordinarily would have precipitated her. On the other hand, it is not disputed that plaintiff did fall and that she was injured. Although her version of the accident is not very convincing, the jury saw the steps and heard the witnesses. We are not prepared to say that her story is so improbable or that the verdict is so much at variance with the facts disclosed as to justify us in setting aside the verdict.

The judgment is affirmed.