**Geraldine CARR, etc., Appellant,**

v.

**William L. WRIGHT and City of Louisville Board of Education, Appellees.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

Irving I. Friedman, Edwin I. Baer, Louisville, for appellant.

S. Lloyd Cardwell, John K. Gordinier, Stites, Peabody & Helm, Louisville, for Wright.

Henry A. Triplett, Louisville, for City of Louisville Board of Education.

PALMORE, Judge.

The appellant, Geraldine Carr, a junior high school student, brought this action against the Louisville Board of Education and William L. Wright, a teacher, for damages resulting from an assault and battery alleged to have been committed against her by Wright while acting within the scope of his employment. Both defendants pleaded governmental immunity. Each was awarded a summary judgment. Miss Carr appeals.

Wood v. Board of Education of Danville, Ky., 412 S.W.2d 877 (1967) and Cullinan v. Jefferson County, Ky., 418 S.W.2d 407 (1967), settle the question of the school board's immunity. However, the trial court erred in concluding that if, as alleged, Wright was acting within the scope of his authority as a servant of the school board he cannot be held liable.

In J. F. Schneider & Son v. Watt, Ky., 252 S.W.2d 898, 901 (1952), holding that individual members of the Kentucky National Park Commission were not civilly liable for having procured the institution of an abortive condemnation proceeding against the plaintiff, this court relied on "the general rule of law which absolves administrative agents of government of civil liability for their official acts." But the rule is not absolute. The subject was considered at length in Spillman v. Beauchamp, Ky., 362 S.W.2d 33, 2 A.L.R.3d 814 (1962), and the principle there stated is that a public officer acting within the scope of his authority is not personally liable for his actions *unless* there is "some element of personal fault * * * such as negligence or deliberate wrongdoing." Conversely, it follows that he *is* liable for damages resulting from negligence or deliberate wrongdoing, regardless of whether he was acting within the scope of his authority. Cf. 4 McQuillin, Municipal Corporations § 12.211, at 153 et seq. (3d ed. 1949); Annotation, "Teacher's civil liability for administering corporal punishment to pupil," 43 A.L.R.2d 469.

Wright does not contend on this appeal that he is embraced within the cloak of governmental immunity.[1] His argument is that from a legal standpoint he could not have committed an intentional tort[2] without exceeding the scope of his

official authority, and that since the complaint and amended complaint say he was acting within the scope of such authority, which is admitted in his answer, the allegation of intentional tort is negated and the complaint as amended is fatally defective. We find this approach unsound for two reasons. In the first place, it is not consistent with the rule of liberal construction stated by CR 8.05. In the second place, Spillman v. Beauchamp, Ky., 362 S.W.2d 33, 36, 2 A.L.R.3d 814 (1962), necessarily refutes the premise that a public officer cannot commit an intentional tort within the scope of his authority. Therefore, the question of whether Wright was acting within or beyond his authority is irrelevant.

"A teacher is responsible for the discipline of his school, and for the progress, conduct, and deportment of his pupils. It is his duty to maintain good order and to require of his pupils a faithful performance of their duties. To enable him to discharge such a duty effectually, he must necessarily have the power to enforce prompt obedience to his lawful commands. For this reason, in proper cases, he may inflict corporal punishment on refractory pupils. * * * While teachers are clothed with a discretionary authority with respect to the infliction of corporal punishment on their pupils, the punishment must be reasonable and confined within the bounds of moderation; that is, must not be cruel or excessive, and the teacher must not act wantonly or from malice or passion * * no precise rule can be laid down as to what is excessive or unreasonable punishment. Each case must depend on its own circumstances." 47 Am.Jur. 428 (Schools, § 175).

Whether Wright actually inflicted any corporal "punishment" or physical restraint upon Miss Carr and, if so, whether

---

1. See Happy v. Erwin, Ky., 330 S.W.2d 412 (1959); Chambers v. Ideal Pure Milk Co., Ky., 245 S.W.2d 589, 591 (1952); and Manwaring v. Geisler, 191 Ky. 532, 230 S.W. 918, 18 A.L.R. 192 (1921).

2. This terminology is used to denote a tortious act that is intentional as distinct from mere negligence.

it was in excess of what reasonably appeared to be appropriate under the circumstances of the case are disputed factual issues on which she is entitled to a trial.

The judgment in favor of the school board is affirmed. The judgment in favor of the appellee Wright is reversed for further proceedings consistent with this opinion.

All concur.