Ethel OWENS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1971.

William G. Reed, Carrollton, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellees.

STEINFELD, Judge.

Appellant Ethel Owens, a 69-year-old schoolteacher of forty-eight years' experience, was adjudged guilty of assault and battery of a high school girl. She has appealed from the judgment, claiming only that the trial court erred in not instructing the jury that KRS 161.180 applies. We reverse.

The teacher had been warned of threats by certain pupils to injure her; wherefore, she carried a "sneeze gun", a small pencil-

like device which, when activated, discharges a substance which causes temporary eye irritation to the person affected.

On the day preceding the alleged assault, Miss Owens had taken Brenda Hopkins to the office of the principal because she violated a school rule. The next morning the teacher arrived early at the school for the purpose of discussing the incident with the principal before classes started. Shortly thereafter, Brenda Hopkins and another girl stationed themselves at the door to Miss Owens' school room. On several occasions when the teacher passed through the door to ascertain whether the principal had arrived, there were incidents of body-bumping with the two girls. Finally, the general area was disturbed by loud remarks made by Miss Owens and by Brenda; whereupon, a large number of children gathered and other faculty and administrative personnel appeared. Brenda was directed to go to the office in the company of a secretary and it was suggested that Miss Owens "quiet down". Claiming that Miss Owens made vile remarks about her, Brenda left the secretary and returned to the place where Miss Owens was standing and almost immediately Brenda was sprayed with the "sneeze gun".

At the conclusion of the evidence, the court gave the jury the usual instructions in an assault and battery prosecution. See Stanley's Instructions, Vol. 3, p. 31, Sec. 806. One of the grounds asserted on the motion for a new trial was the failure of the court to " * * * advise the jury under KRS 161.180 that the defendant was empowered * * * to exercise such disciplinary force as was necessary to restrain and to hold the prosecuting witness, Brenda Hopkins, in strict account for her conduct at the Gallatin School building * * *" KRS 161.180 reads:

"Each teacher in the public schools shall hold pupils to a strict account for their conduct in school, on the way to and from school, on the playgrounds, and during intermission or recess."

A companion statute, KRS 161.190, provides:

"No person shall upbriad, insult or abuse any teacher of the public schools in the presence of the school or in the presence of a pupil of the school."

It is our opinion that at all times related to this incident a student-teacher relationship existed between Brenda Hopkins and Miss Owens; therefore, the mandate of KRS 161.180 required that Miss Owens hold Brenda " * * * to a strict account for (her) conduct * * *" Carr v. Wright, Ky., 423 S.W.2d 521 (1968). While we admit that the use of a weapon such as a "sneeze gun" is unusual and not to be encouraged, nevertheless, in this instance, threats of bodily harm being claimed, it may be justified. It therefore appears that information with respect to the statutory duty of the teacher should have been given to the jury.

∎ If this case is again tried and the evidence warrants, the court will repeat the instructions given in the first trial, except that Instruction No. 2 shall be given substantially as follows:

Instruction No. 2: It is the duty of each teacher in the public school to hold pupils to a strict account for their conduct in school, on the way to and from school, on the playgrounds, and during intermission or recess. If the jury believe from the evidence in this case that at the time the defendant sprayed, or caused to be sprayed the irritating substance as stated in Instruction No. 1, if she did so, the defendant was making a reasonable attempt to carry out that duty with respect to Brenda Hopkins; or if the jury believe from the evidence that the defendant had reasonable grounds to believe and did believe she was then and there about to be assaulted or have bodily harm inflicted on her and that it reasonably appeared to her to be necessary for her to so spray or cause to be sprayed the irritating substance in order

to repel such assault or prevent such infliction of such personal injury, the jury shall find the defendant not guilty.

The judgment is reversed for a new trial consistent herewith.

MILLIKEN, C. J., and PALMORE, HILL, and OSBORNE, JJ., concur.

NEIKIRK, J., concurs in result only.