833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincent SCOTT (87-5660)
Russell Graham (87-5683)
John Jagoe (87-5718)
Larry Riggsbee (87-5719), Plaintiffs-Appellants,
v.
Billy ADAMS and Warden Gene Scroggy, Defendants-Appellees.
 Nos. 87-5660, 87-5683, 87-5718 and 87-5719.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of plaintiffs' motion for appointment of counsel. These consolidated cases have been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs filed complaints in the district court pursuant to 42 U.S.C. Sec. 1983 alleging that defendants deprived them of the use of funds in their inmate accounts without due process. The district court found that the defendant state court judge was entitled to immunity and that plaintiffs had not been deprived of property because the funds remained in the inmate accounts, and dismissed the complaints. Plaintiffs filed timely notices of appeal.
 
 
 3
 We affirm the dismissal of the complaints on grounds other than those relied upon by the district court because plaintiffs arguably have an interest in the use of funds in their inmate accounts by virtue of regulations adopted pursuant to 501 Ky.Admin.Regs. 6:040E. Plaintiffs, however, assert a random deprivation of their property in violation of procedural due process yet they have failed to plead and prove that available state post-deprivation remedies are inadequate. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 540-41 (1981). Kentucky provides a remedy and plaintiffs acknowledge one state lawsuit involving the same claim was in fact filed. See Preston v. Smith, 750 F.2d 530 (6th Cir.1984); Copley v. Bd. of Educ., 466 S.W.2d 952, 953 (Ky.1971); Carr v. Wright, 423 S.W.2d 521, 522 (Ky.1968). Also, a state challenge to the propriety of the court order depriving plaintiffs of the use of inmate account funds is available pursuant to Kentucky Supreme Court Rule 1.040(6). Therefore, plaintiffs have failed to state a claim for deprivation of property without procedural due process because Kentucky has provided adequate remedies.
 
 
 4
 Accordingly, plaintiffs' motion for appointment of counsel is denied. The judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.