Anita HOLBROOK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–001223–DG.

Court of Appeals of Kentucky.

Nov. 10, 1995.

Discretionary Review Denied June 12, 1996.

Case Ordered Published by Supreme Court June 12, 1996.

**192**

Arthur L. Brooks, Brooks & Fitzpatrick, Lexington, for Appellant.

Chris Gorman, Attorney General, Frankfort, Cindy A. Goldhill, Assistant Attorney General, Frankfort, for Appellee.

Before GUDGEL, HUDDLESTON and JOHNSTONE, JJ.

*OPINION*

HUDDLESTON, Judge.

Anita Holbrook, a fourth grade teacher, was convicted in Carter District Court of fourth-degree assault[1] on one of her students. The conviction resulted from the paddling of the student for failure to complete an in-class assignment. Holbrook appealed to Carter Circuit Court which affirmed her conviction. We granted discretionary review to determine whether the district court erred when it failed to grant Holbrook's motion for a directed verdict.

■ A directed verdict of acquittal should be granted when, viewing the evidence in the light most favorable to the Commonwealth, it would be unreasonable for a jury to find guilt. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). In cases where a defendant is relying upon a defense of justification,[2] a directed verdict should be granted when the evidence conclusively establishes justification. *Townsend v. Commonwealth*, Ky., 474 S.W.2d 352 (1971). Where all the elements of justification are proven and the justification has not been lost, it would be unreasonable for a jury to find guilt.

■ A teacher is justified in the use of physical force within certain bounds.[3] Force is permissible if (1) the teacher believes that the force is necessary to further the education of the child or "maintain reasonable discipline" and (2) the force is not "designed to cause or known to create a substantial risk of causing death, serious physical injury, disfigurement, extreme pain, or extreme mental distress." KRS 503.110. The privilege to use force is unavailable as a defense if the teacher is "wanton or reckless in *believing* the use of any force, or the degree of force used, to be necessary...." KRS 503.120. (Emphasis supplied.) In its response to Holbrook's motion for discretionary review, the Commonwealth concedes that Holbrook was not wanton or reckless in deciding to paddle the student. Absent a wanton or reckless belief that force is necessary, the teacher is privileged to use whatever force is necessary so long as that force is not "designed to cause or known to create a substantial risk of

1. Ky.Rev.Stat. (KRS) 508.030.

2. Ky.Rev.Stat. (KRS) 503.020 defines justification as a defense. The statute imposes the burden of raising the issue of justification on the defendant. While ordinarily the Commonwealth is not required to disprove the defense, it may be required to do so if "the evidence tending to support the defense is of such probative force that in the absence of countervailing evidence the defendant would be entitled to a directed verdict of acquittal." KRS 500.070(1).

3. *See generally* KRS 161.180; KRS 503.110(1); and *Owens v. Commonwealth*, Ky., 473 S.W.2d 827 (1971).

causing death, serious physical injury, disfigurement, extreme pain, or extreme mental distress." KRS 503.110.

 The evidence at trial established that in paddling the student Holbrook did not use force in excess of that permitted by the teacher justification statute. At most, the student received bruises on her buttocks from three strokes of the paddle. The paddling certainly did not create a substantial risk of causing death. Bruises of the nature sustained by the student do not constitute serious physical injury, which is defined as a "physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ." KRS 500.080(15). Neither did the student suffer disfigurement, extreme pain or extreme mental distress. The child did not require medical care and she testified that, by the next morning, her buttocks "didn't sting bad or hurt." Furthermore, considering the child's testimony that she got along well with Holbrook after the paddling and even took several of her classes the following year, evidence of extreme mental distress was lacking. In sum, there was no evidence that Holbrook exceeded the permissible degree of force.

Since Holbrook did not exceed the degree of force permitted, the only possible question for the jury was whether the teacher was reckless or wanton in her belief that physical force was necessary. Inasmuch as the Commonwealth has conceded that Holbrook was *not* wanton or reckless in deciding to paddle her student, the evidence conclusively established all of elements of justification. Thus, no reasonable jury could have found Holbrook guilty of fourth-degree assault, and the district court should have directed a verdict of acquittal.

In view of our decision that Holbrook was entitled to a directed verdict of acquittal, it is unnecessary that we address her contention that the jury instruction containing the wanton or reckless belief qualification was incorrect. In any event, we agree with the Commonwealth that the issue was not preserved for appellate review.[4]

The opinion and order from which this appeal is prosecuted is reversed and this case is remanded to Carter Circuit Court. The circuit court shall remand this case to Carter District Court with directions to vacate the judgment convicting Anita Holbrook of fourth-degree assault and to enter a judgment of acquittal.

All concur.

---

4. Ky. R.Crim. Proc. (RCr) 9.54(2) provides that a party may not assign as error the giving of an instruction unless "the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection." Holbrook merely objected to the instruction without stating the basis for her objection.