NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0647n.06

No. 11-5575

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 19, 2012*

LEONARD GREEN, Clerk

MARTIN RHODES,                                         )
                                                       )          ON APPEAL FROM THE
        Plaintiff-Appellant,                           )          UNITED STATES DISTRICT
                                                       )          COURT FOR THE MIDDLE
v.                                                     )          DISTRICT OF TENNESSEE
                                                       )
JEFFREY PITTARD; ECLIPSE MARKETING,                    )
INC.; and ORKIN, INC.,                                 )          O P I N I O N
                                                       )
        Defendants,                                    )
                                                       )
and                                                    )
                                                       )
CITY OF MURFREESBORO, d/b/a Murfreesboro               )
Police; and TAD SCOTT,                                 )
                                                       )
        Defendants-Appellees.                          )

_____

BEFORE: KEITH, McKEAGUE and DONALD, Circuit Judges.

PER CURIAM. Appellant Martin Rhodes alleges under 42 U.S.C. § 1983 that City of

Murfreesboro Police Officer Tad Scott arrested him without a warrant and without probable cause,

in violation of his constitutional right to freedom from unreasonable seizure. The district court

awarded summary judgment to the City of Murfreesboro and Officer Scott. Rhodes contends the

record presents a triable fact question as to whether the facts known to Scott established probable

cause to arrest him. On due consideration of the parties' briefs and lower court record, we affirm.

An altercation undisputedly occurred at Rhodes's residence in Murfreesboro, Tennessee, at about mid-day on May 12, 2007. The altercation was between Rhodes and Jeffrey Pittard, a sales agent who was marketing Orkin residential pest control services. After an exchange of words, Rhodes undisputedly pushed Pittard off the porch of his home, causing him to fall onto his back in the shrubbery next to the porch. Rhodes viewed Pittard as an unwelcome solicitor and claims he used reasonable force to remove the trespasser, as permitted by Tennessee law, Tenn. Code Ann. § 39-11-614(a). Pittard contacted the police and Rhodes admitted to Officer Scott that he pushed Pittard. Scott transported Rhodes to the Rutherford County Sheriff's Department, where Pittard signed a complaint charging Rhodes with assault, and a judicial commissioner issued an arrest warrant on the reduced charge of offensive touching, a misdemeanor.[1]

The charges against Rhodes were later dismissed because Pittard was unavailable to testify. Rhodes then instituted this action, claiming *inter alia* that Officer Scott and the City of Murfreesboro are liable under 42 U.S.C. § 1983 for subjecting him to an unreasonable seizure, in violation of his Fourth Amendment rights. After the district court granted summary judgment to the defendants, Rhodes appealed.[2]

---

[1]Although Scott maintains that Rhodes voluntarily accompanied him to the Sheriff's Department, the City and Scott concede for present purposes that Rhodes was "seized" when transported by Scott in his patrol car.

[2]Rhodes first challenges, as an abuse of discretion, the district court's refusal to consider his response to defendants' motion for summary judgment. The district court declined to consider Rhodes's response because it was untimely under the governing local rule. We need not address this claim of error because Rhodes's response does not establish the existence of a triable issue. In our analysis of the evidentiary support for Rhodes's § 1983 claim, below, we have fully considered

continue...

We review the district court's summary judgment ruling de novo. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389 (6th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *White*, 533 F.3d at 390. Not just any alleged factual dispute between the parties will defeat an otherwise properly supported motion for summary judgment; the dispute must present a *genuine* issue of *material* fact. *Id.* A dispute is "genuine" only if based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party. *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). A factual dispute concerns a "material" fact only if its resolution might affect the outcome of the suit under the governing substantive law. *Id*. at 298-99.

The district court correctly looked to state law to determine whether probable cause existed. *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007). The court observed that "a person commits assault who . . . (3) intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." R. 54, Memorandum at 10

---

[2]...continue
Rhodes's response and attachments, and still affirm the summary judgment.

Liberally construed, Rhodes's appeal may be viewed as also arguing that his arrest was wrongful because Scott did not have authority under Tennessee law to arrest him for a misdemeanor that was not committed in his presence. We need not address this claim either. Violations of state law are not cognizable under § 1983, which provides redress for denial of federally protected civil rights. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (observing that a violation of state law does not make out a claim cognizable under § 1983); *Soltesz v. City of Sandusky*, 49 F. App'x 522, 526 (6th Cir. 2002) (rejecting claim for wrongful warrantless arrest for offense committed out of presence of officer in violation of state law as not cognizable under § 1983).

(quoting Tenn. Code Ann. § 39-13-101(a)(3)). Considering Pittard's report of the altercation to Scott and Rhodes's admission to Scott that he pushed Pittard off the porch, the district court held that Scott had probable cause to believe that intentional physical contact amounting to an assault had been committed.

Rhodes contends the probable cause determination requires an officer to examine available facts and circumstances in determining whether there is a fair probability that a crime has been committed. *See Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). Rhodes insists that his assertion of his right to use reasonable force to protect his property is a circumstance that demanded further investigation before Scott could lawfully arrest him. Indeed, whether Rhodes actually committed an assault would have been a question for the ultimate fact-finder. The validity of the arrest does not depend, however, on whether Rhodes actually committed a crime. *Skovgard v. Pedro*, 448 F. App'x 538, 544 (6th Cir. 2011). The validity of the arrest depends on whether the arrest was supported by probable cause. Probable cause exists unless the facts and circumstances known to Scott would not warrant a prudent person in believing that an offense had been committed. *Logsdon*, 492 F.3d at 341. This question, whether Scott had probable cause to believe an offense had been committed, is a question that could be and was properly decided by the district court as a matter of law. This is so because Rhodes's admission that he pushed Pittard, a solicitor, from his porch, an admission materially consistent with Pittard's complaint, left no genuine issue of material fact. The admitted facts and circumstances known to Scott were such as would warrant the belief

in a prudent person that Rhodes had applied *unreasonable* force to the person of Pittard, such force as would ordinarily be regarded as offensive or provocative by a reasonable person.[3]

Once Scott determined, based on the admitted facts and circumstances, that there was probable cause to believe an assault had been committed, he had no further duty to investigate or search for exculpatory evidence. *Id.* Scott was not free to "turn a blind eye toward potentially exculpatory evidence," but Rhodes has not identified any "readily available" exculpatory evidence that Scott was obliged to consider. *See id.* at 342-43. Rhodes faults Scott for not giving greater credence to his contention that the force he admitted using was reasonably necessary to remove Pittard, a trespasser. In other words, Rhodes faults Scott for not conducting a more thorough testing of the available information before making his probable cause assessment. Yet, clearly, the law does not require an officer to conduct a quasi-trial before he can make a warrantless arrest. *Id.* "Even if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he is free to arrest the suspect provided there is probable cause to do so." *Fridley*, 291 F.3d at 873. Here there is no reason to believe Scott should have "conclusively known" that Pittard posed such a threat of trespass as to justify the violent shove from the porch that Rhodes admittedly delivered.

---

[3]Rhodes explained in his deposition that he was agitated by Pittard's waving his solicitation license and pointing his finger in Rhodes's face. Rhodes admitted, however, that Pittard did not touch him and that when he slapped Pittard's hand away and pushed Pittard from the porch, he intended to push Pittard off of his feet. Dkt. No. 3:09-cv-181, R. 37-2, Rhodes Dep. at 68-84; Dkt. No. 3:09-cv-780, R. 15-2, Rhodes Dep. at 212. Pittard described the push as "hard enough to where he hit me and my head flew back and my head hit the ground first with my legs flipping over the top of me." Dkt. No. 3:09-cv-780, R. 15-1, Pittard Dep. at 26.

Accordingly, we find no error in the district court's summary judgment ruling.  The judgment is **AFFIRMED**.