**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0472n.06

Case No. 14-6229

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHRISTOPHER M. HARVEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DARRYL CARR, solely in his individual | ) | KENTUCKY |
| capacity, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[*]

COOK, Circuit Judge. Christopher Harvey slapped his son Hunter in the face at a public pool. Officer Darryl Carr investigated the incident and ultimately arrested Harvey for fourth-degree assault. After a jury found Harvey not guilty, he sued Carr for arresting him without probable cause. The district court granted summary judgment to Carr, and Harvey now appeals. We AFFIRM.

I.

In summer 2012, Harvey's son Hunter spilled a drink at the Benton City Pool's concession stand and refused—despite Harvey's repeated requests—to clean up the resulting

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

mess.  As Hunter and Harvey, who worked as a pool manager, grew increasingly angry with each other, Hunter began cursing at Harvey and flipped him off.  Harvey slapped Hunter in the face.  From there, witness accounts diverge, with Harvey maintaining that he slapped Hunter just once and other witnesses claiming that Harvey wrestled Hunter to the ground and kicked him.

A pool patron witnessed the scuffle and called the police.  When Officer Carr arrived on the scene, he interviewed a pool employee, Hunter, and Harvey, each of whom told Carr that Harvey slapped Hunter.  The pool employee only heard the slap, describing it as a "loud pop." She further explained that Hunter, Harvey, and "the situation [were] definitely out of control as a whole."  Hunter told Carr that the slap hurt "for a couple seconds."  Finally, Harvey admitted to Carr that he slapped Hunter because Hunter went "berserk" and "came at me, flipped me off and said 'Fuck You' so I had to slap him."  He also said that his son had anger issues and had been bullied.  Carr arrested Harvey.

The state charged Harvey with fourth-degree assault, a Class A misdemeanor.  *See* Ky. Rev. Stat. § 508.030.  Harvey moved to dismiss the prosecution for lack of probable, and the state trial court denied the motion, finding that

> sufficient facts are alleged in the citation to find probable cause for the charge.  In order to consider the motion the Court would be required to hold an evidentiary hearing on the issue.  Therefore, the Motion to Dismiss is denied.  However, the Court is not holding that if insufficient evidence exists at trial that a motion for directed verdict would not be considered, if appropriate.

Harvey moved for a directed verdict at the close of the prosecution's case-in-chief, which the court denied.  The jury found Harvey not guilty

Harvey then sued Carr for false arrest under 42 U.S.C. § 1983 and also asserted a battery claim under state law.  The district court determined that Carr was entitled to qualified immunity and granted his motion for summary judgment.  Harvey appeals.

II.

We review de novo the district court's grant of summary judgment, affirming if the evidence demonstrates that no genuine issue exists as to any material fact and that Carr is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Wesley v. Campbell*, 779 F.3d 421, 434–35 (6th Cir. 2015). Because the district court granted summary judgment on qualified-immunity grounds, we determine whether—viewing the facts in the light most favorable to Harvey—Carr's conduct violated clearly established statutory or constitutional rights of which a reasonable police officer would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

III.

On appeal, Harvey argues that Carr lacked probable cause to arrest him for fourth-degree assault. First, he contends that Carr had no reasonable basis to believe that he injured Hunter and therefore could not have believed that he committed assault. Second, Harvey claims that a reasonable officer would have known conclusively that Kentucky's parental-discipline justification statute applied, rendering the slap legal and negating probable cause. Finally, Harvey argues that the district court erred in granting summary judgment to Carr on his battery claim.

Carr is entitled to qualified immunity from Harvey's false-arrest claim unless he lacked probable cause to arrest Harvey. *Wesley*, 779 F.3d at 428–29. If the facts and circumstances known to Carr at the time of Harvey's arrest were "sufficient to warrant a prudent man in believing that [Harvey] had committed or was committing an offense," Carr possessed probable cause. *Id.* at 429. Here, the relevant offense—fourth-degree assault—occurs when a person

"intentionally or wantonly causes physical injury to another person." Ky. Rev. Stat. § 508.030(1)(a).

Harvey argues that Carr littered his arrest citation with falsehoods to gin up probable cause for the arrest. According to Harvey, Carr falsely stated that Harvey hit Hunter "as hard as [he] could" and left a mark on Hunter's face. Strip away these falsehoods, Harvey claims, and the sole fact known to Carr at the time of Harvey's arrest was the slap. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (instructing courts to set aside allegedly false statements and evaluate undisputed facts in a probable-cause inquiry); *Hinchman v. Moore*, 312 F.3d 198, 205–06 (6th Cir. 2002) (same). And, Harvey continues, without any physical injury resulting from the slap, Carr lacked a basis for charging Harvey with fourth-degree assault. *See* Ky. Rev. Stat. §§ 508.030, 500.080(13) (defining physical injury as "substantial physical pain or any impairment of physical condition").

But even the undisputed facts establish probable cause. Harvey, Hunter, and a pool employee all confirmed that Harvey slapped his son. And Carr knew that the slap hurt Hunter. These undisputed accounts gave Carr probable cause to believe that Harvey intentionally caused physical injury to Hunter. *See* Ky. Rev. Stat. § 508.030(1)(a).

Next, Harvey argues that Carr should have known that the parental-discipline statute justified Harvey's use of force against Hunter. In Kentucky, a parent may use physical force upon his child if he both "believes that the force used is necessary to promote the welfare of [his child]" and that "[t]he force that is used is not designed to cause or known to create a substantial risk of causing death, serious physical injury, disfigurement, extreme pain, or extreme mental distress." Ky. Rev. Stat. § 503.110(1). Harvey contends that the slap was necessary because Hunter "came at [him], flipped [him] off and said 'Fuck You.'" Harvey also maintains that Carr

should have known that the scuffle posed no risk of death, serious physical injury, disfigurement, extreme pain, or extreme mental distress to Hunter. Indeed, Hunter told Carr that Harvey hit him just once and that it only "hurt for a couple seconds." Based on this information, Harvey argues, any reasonable officer would have known conclusively that the parental-discipline statute protected Harvey's use of force, and no reasonable officer would have arrested Harvey for legal parental discipline.

We do not require officers making arrests to "inquire into facts and circumstances in an effort to discover if the suspect had an affirmative defense." *Fridley v. Horrighs*, 291 F.3d 867, 873 (6th Cir. 2002). Nor must officers "conduct [pre-arrest] quasi-trials" whenever an investigative target "asserts a purported legal excuse for his actions." *Painter v. Robertson*, 185 F.3d 557, 571 n.21 (6th Cir. 1999). Only if "a reasonable police officer would *conclusively* know that an investigative target's behavior is protected by a legally cognizable affirmative defense" does the officer lack a legal foundation for arrest. *Id*. (emphasis added). In fact, when the facts known to the officer track the elements of an offense, we routinely grant qualified immunity on false-arrest claims even when the suspect asserts, or circumstances suggest, an applicable affirmative defense.[1] *See, e.g.*, *Fridley v. Horrighs*, 291 F.3d 867, 874–75 (6th Cir. 2002) (affirming summary judgment on false-arrest claim when officers were on notice that suspects "were likely to raise entrapment as a defense to any subsequent prosecution," but still could reasonably conclude that the suspects committed a crime); *Young v. Owens*, 577 F. App'x 410, 414–15 (6th Cir. 2014) (finding that defendants were entitled to qualified immunity when

[1]Harvey cites one case applying the applicable affirmative defense: a Kentucky appellate court vacated a teacher's assault conviction under the discipline justification statute. *See Holbrook v. Commonwealth*, 925 S.W.2d 191, 193 (Ky. Ct. App. 1995) (vacating fourth-degree assault conviction of a teacher who paddled a student). But *Holbrook* dealt with affirmative defenses in criminal proceedings, not probable cause to arrest, and provides minimal guidance here.

plaintiff had inconclusive evidence of an affirmative defense); *Rhodes v. Pittard*, 485 F. App'x 113, 116 (6th Cir. 2012) (affirming summary judgment on false-arrest claim when the suspect told the arresting officer that he violently shoved another but also asserted that his use of force was justified to protect his property against trespassers).

This record presents no material dispute of fact whether Carr knew *conclusively* that the parental-discipline statute protected Harvey's use of force, *i.e.*, that Harvey believed the slap was necessary to promote Hunter's welfare *and* that the slap posed no substantial risk of extreme pain or mental distress. *See* Ky. Rev. Stat. § 503.110(1). At the time of arrest, Carr knew that Harvey loudly slapped Hunter, causing him pain. Carr also knew that the altercation spiraled "out of control." These undisputed facts tracked the elements of fourth-degree assault, and nothing required Carr to inquire further to discover Harvey's affirmative defense. *Fridley*, 291 F.3d at 873. The circumstances known to Carr suggested that Harvey would assert a parental-discipline affirmative defense. But given the witness accounts and the "out of control" nature of the fracas, Carr could not have known conclusively that Harvey's conduct fulfilled both prongs of the parental-discipline statute.

Finally, Harvey contends that Carr committed battery when he arrested Harvey without probable cause. Though he may not use unnecessary force or violence during an arrest, Carr may "use such force as was necessary or reasonably appeared to him to be necessary to take into custody the person he is seeking to arrest." *City of Lexington v. Gray*, 499 S.W.2d 72, 74 (Ky. Ct. App. 1973); *see also* Ky. Rev. Stat. § 431.025(3). As explained above, Carr had probable cause to arrest Harvey, and Harvey does not allege that Carr used unnecessary force or violence in doing so. Without more, Harvey's battery claim fails.

IV.

For these reasons, we AFFIRM the district court's judgment.